*17 Sullivan would have argued for the petitioner, but was stopped by the Court, whose opinion was afterwards delivered by
Parsons, C. J.
It appears5 from the case stated, that Hannah Church, the petitioner’s grandmother, died seised in fee simple of the whole estate, having devised one undivided tenth part to the petitioner in fee simple; and that he ought to have this purparty assigned to him in severalty, unless his uncle Edward Church, a son of his grandmother, is entitled to one seventh part of her estate, he not having any thing given him in her last will, in which her whole estate *is devised. If Edward is entitled to [ * 20 ] one seventh, then the petitioner’s purparty is one tenth of six sevenths, which is to be assigned to him in severalty.
The question for the decision of the Court, therefore, is, whether Edward Church is entitled to one seventh part of his mother’s estate, notwithstanding her will, as she devised nothing to him.
The statute of 1783, c. 24, prescribing the manner of devising lands, tenements, and hereditaments, parsed February 6, 1784. By the first section, any person seised in fee simple of any estate, is authorized to devise the same to and among his children or others, as he shall think fit, without any limitation of persons whatsoever By the eighth section, on which the question in this case arises, it is provided that any child, not having a legacy given him in the will of his parent, shall have a proportion of the estate of his parent assigned to him, as though such parent had died intestate ; provided such child has not had an equal proportion of the deceased’s estate bestowed on him in the deceased’s lifetime. It also appears, from the facts agreed, that if the testatrix had died intestate, one seventh part of her estate would have accrued to Edward. In her will she devises one fifth part of the residue of her estate to her six grandchildren, the children of her son Edward, but no legacy is given to Edward himself.
The statute before referred to, is a revision of former provincial statutes relating to the devising of estates. The eighth section is a revision of the second section of the provincial statute of 12 W. 3, c. 7. The first section of that statute provides for the posthumous children of the testator. The third section provides for his widow, when the will was made before marriage. The second section is of this tenor:—“And whereas, through the anguish of the deceased testator, or through his solicitous intention, though in health; or through the oversight of the scribe,—some of the testator’s children are omitted, and not mentioned in the will; many children also being born after the making of the will, though in the lifetime of their parents: Be it therefore enacted, &c., that any child or children not a * them in the will * 21 *18 of their father or mother, every such child shall have a proportion of the estate of their parents given and set out unto them, as the law directs for the distribution of the estates of intestates.”
By the twentieth section of the statute of 1783, c. 24, all acts and laws, so far as they relate to the devising any estate, are repealed ; and it has been doubted whether the statute of 12 W. 3, c. 7, is within this repealing section, as all the provisions of that statute vest distributive shares in the cases there mentioned, where in fact there was a will. But as we find that the statute of 1783, c. 24 in which is the repealing clause, is entitled “ An act prescribing the manner of devising lands, tenements, and hereditaments,” and that in this statute are reenacted the provisions of the statute of 12 W 3, c. 7, excepting the third section, we are satisfied that the legislature intended to repeal the statute of William. And as the third section of that statute has not been reenacted in any subsequent statute, a marriage without issue is no longer, as to the widow, a revocation of a will made before marriage.
The validity, therefore, of Edward’s claim must depend upon the construction of the eighth section of the statute of 1783. The respondent, who claims under him, insists that this section ought to have a strict construction, that Edward was a son of the testatrix ; that no legacy is given him in her will; and that he is entitled, of consequence, to a distributive share, which in this case is one seventh part.
But in this, as in all other cases, the intention of the legislature must govern ; and in this intention a literal construction of any statute must yield; and to discover the true meaning of a statute, it is the duty of the Court to consider other statutes made in pari materia, whether they are repealed or unrepealed. Public policy requires that the right of testamentary disposition in parents respecting their children should be exercised at their discretion. The just authority of the parent, and the reasonable obedience of the child, are supported by this discretionary power. This power is clearly vested in parents by the first section of the statute of 1783. The intention of the eighth section was not to [ * 22 ] * limit this discretion, but to provide for a child or grandchild, when this discretion, from accident or some other cause, had not been exercised. That this was the inten.ion of that section is manifest, because the letter of the provision will be satisfied by a legacy of a cent. And it would be unreasonable to suppose that the legislature intended that the child should in all cases, when not otherwise provided for, be the object of the testamentary bounty of the parent, and at the same time, that this bounty might be merely nominal. When we look into the repealed statute of 12 W *19 7, c. 7, in which is the same provision as in the present statute, there can be no doubt of the intention of the legislature. It is explained in a preamble, as extending only to cases where the child, from some cause, has been omitted, and not named in the will. This preamble is useful in explaining the eighth section in question; otherwise to the two statutes, using the same language, and providing for the same object, we might give different constructions, when the intent must be presumed to be the same in both.
As, in the case at bar, it appears that Edward was in the con templation of the testatrix; that he was named in her will, and not omitted; that the testatrix deliberately preferred his children as the objects of her bounty,—we are of opinion that he cannot claim a distributive share of her estate.
This construction of the statute was given in the case of Wild & Ux. vs. Brewer (3), at Boston, February, 1797, which was cited by the counsel in the case of Terry Al. vs. Foster (4). And in this last case the same construction was given. In the argument, it was admitted that the statute of 12 W. 3, c. 7, was not repealed; but the reasons for the judgment cannot be affected by that admission.
Let the interlocutory judgment be entered, that partition be made according to the prayer of the petition. The question of costs we shall reserve until the final judgment be entered (5).

 Vide supplement to vol. 2, 570.

 1 Mass. Rep. 146.

 [The language of the statute is clearly contrary to this decision ; and in cases where there is no doubt, all rules of construction are inapplicable.—Wilder vs. Goss, 14 Mass. 357.—Wild &■ Ux. vs. Brewer, 2 Mass. 570.—Stearns vs. Steams, 1 Pick 157.—Ed.]