M’Girk, C. J.,
delivered the opinion of the Court.
Moses Block and others brought a petition for partition of two lots of ground in St. Louis, against Phineas Block and' wife, et al. The petition sets out the respective rights of the parties, and shows that they claim as devisees of Simon Block, and that in and by the will of said Simon, he mentions the name of Delia Block, the wife of said Phineas, and expressly declares, that she shall have nothing; then he goes on to devise all his real estate-to his wife and children. Phineas Block and Delia his wife, appear to the petition, and answer and insist, that Simon Block as to her died intestate, and that she is entitled to an equal portion with the other children. On the hearing of the petition, the Court decreed that the said Delia was not entitled to take-any thing, she being excluded by her father’s will; and this is *408 the only question made in the case. By the 20th section of the act respecting wills and testaments, {Revised Code 795,) it is enacted, “that if any person shall make his last will and testament, and die leaving a child or children, or their descendants, not provided for in such will, although such child or children be horn after the death of the testator, every such testator, so far as shall regard any such child or children, or their descendants not provided for as aforesaid, Shall be deemed to die intestate, and such child, &c., shall be entitled to such proportion of the estate of the testator, real and personal, as if he had actually died intestate, and the same shall be assigned, &c.” Upon this state of law'and fact, Mr. Bates for the plaintiffs in error, insists, that the meaning of this 20th section is, that the testator shall make a beneficial devise or legacy, and that to mention the name of a child, and declare that child shall have nothing is no provision. On the other side it is argued by Mr. Allen for the defendants, that the intention and meaning of the act is, that when the child is forgotten, then he shall have a share; but that when he is mentioned in the will and excluded, that is a provision within the intent of the section. We are of opinion this latter construction is right. By the first section of the act, all persons except, &c., of sound and disposing mind, are enabled to devise real and’ personal estate to whomsoever they please, and by the 24th sec. it is enacted, “that’all Courts and others con-corned in the execution of last wills and testaments, shall have due regard to the direction of the will and the true intent and meaning of the testator, in all matters and things that shall be brought before them concerning the same.” In this case the intent of the testator is clear and explicit, that the daughter Delia shall have nothing. How can the Court obey this 24th section and at the same time declare that the daughter shall have a full share? This notion that every child must have some-legacy or the will is bad, is not of common law- origin. Bláckstone says the notion of the civil law was, that if a person made a will and disinherited a child, .that he was deficient in duty and the will was bad, but also says such notion has no foundation in the common law, 2 Bl. Com. 503. In 1815, the Legislature of the Territory of Missouri enacted, that when a.person shall make a will and testamentiand omits to mention the name of any child, or shall afterwards marry, or have a child not provided for in such will, such testator, so far as regards such child, shall be deemed, to. die intestate. This provision was taken litteraify from an act passed by the Governor and Judges in 1807. In this act of 1815, we see the Legislature put the case expressly on the ground the testator forgot the child, for they say, if he omits to mention the name of such child, then, &c., why mention the name.
The answer is, because that shows the child was not forgotten. If his name were only mentioned for the purpose of disinheriting him, yet he would he obliged to abide by it. What shows more clearly that not provided for in that act is intended to be only synonymous with forgotten and omitted Is, that in the same sentence in which they mention omit, they say, or after- making the will “shall marry or have a child not provided for,” then such child shall have-distribution as if he had made no will. Such was the law, and 'we think its undoubted meaning in 1825, when it was repealed by the present statute on the subject. We assume it as a proposition undeniable, that up to that time the principle of our láw was, that' when the testator forgot a child, such child should have distribution, and that he could not have it when he was mentioned in the will, but only mentioned for the purpose of disinheriting him. In January, 1825, the Legislature saw fit to take up this same subject again, and have made a new-enactment, in words only, as we- conceive.. The act says, “if any-per— *409 son shall malee his or her last will and testament, and die leaving a child or children, or the descendants of any such child or children not provided for in such will, although such child or children he horn after the death of the testator, every such testator so far as shall regard such child, shall he deemed to die intestate, &c.’’ There, it is believed, no new principle is introduced ; not provided for, are the words used in forensic parlance, we use provision in this sense, where a thing is totally omitted by a statute, we say it is not provided for, and the Legislature often use the expression as provided for by an act concerning, &c., and when we look at the act we see things there relating to the subject in the negative and affirmative, yet we say the thing is provided for. In this case there is a negative provision, that the daughter shall have nothing. We are aware that the mere form of expression is against the meaning we give to the sentence. To provide for means to take care of before hand j but the Legislature hardly meant to establish the doctrine that a testator could not devise his property to whom he might think fit, as they seem to have declared he might do in the first section of the act; and by the 24tb section the true intent of the testator is to govern in all things; now here this intent is clear, and it is at least doubtful what is really meant by the 20th section. Then this clear intent must prevail over a dubious sentence in the law, as to what the testator may or may not do. There are many cases in the law books where the Gourts, on a view of the whole statute, have went against the express words of a statute to carry into effect the intent of the Legislature; and no better illustration can be given of such cases than to examine the case at bar. Suppose in this case the testator had given the daughter 25-cents, this would be a provision. Did the Legislature then intend that each child should have something ? How much better would be her condition with 25 cents, than what is, when it is declared she shall have nothing, is not hard to determine. If this is not what the Legislature did mean, then did they mean each child should have an equal share'? They have no where said so in this act respecting wills,, or in any other act; if they had intended this, would they have used the words they did use ? In eases of intestacy, where the property is equally divided among children, quite other language is used; or did they mean that when a child might for cause or without cause, happen to be the object of its father’s displeasure, the father, although he declared the child should have nothing, yet the child should have an equal portion of his estate. If they meant this, the means used to show this meaning are very weak. Suppose a case, where a testator has only one child, and he declares such child shall have nothing, and then devises all to B, a stranger. Now the law is, as shown above, that a person may, by the 1st sec. of this act, devise to whom he pleases, for no restraint is laid on the devising power, and the law is, that the true intent of the testator shall he carried- into effect, (see 24th sec. of the act,) the will is, that B shall have it, yet the construction contended for by counsel, will give the whole to the child. Bacon says, one rule ior construing statutes is, to suppose one’s self the law maker, and then let the question be stated, did you mean this ? Then such answer as a sensible and moderately well informed man would give, will be the quotient or answer to the proposition. If we try the ease put above by this rule, the answer will he by the law maker, that such was not his intention. From the foregoing arguments, we conclude that the true meaning of the words not provided for, is, that if the testator has forgotten or overlooked any child, he shall, notwithstanding such accident, be let in to have a share. The judgment of the Circuit Court is affirmed.