BECK, BY GUARDIAN, Defendant in Error, v. METZ & WIFE, Plaintiffs in Error.

1. A will, after a devise to the wife of the testator of all his property, contained the following clause: "In every other respect I leave it entirely to the will and judgment of my said wife Catherine, how and in what manner she thinks proper to dispose of the estate, as well with reference to our child or children as with reference to the said Joseph Frederick Beck." The testator left one child him surviving. *Held*, such child was *named* in said will within section 11 of the act concerning wills; (R. C. 1845, p. 1080;) that consequently the testator did not die intestate as to such child.

*Error to St. Louis Land Court.*

*Kribben*, for plaintiff in error.

*Whittelsey*, for defendant in error.

I. The second clause of the will gave to the wife the absolute estate, " to her and her heirs and assigns forever." The fourth clause gave her the same estate, for it gave her the absolute power over the estate. A devise with power to pass a fee passes a fee. (Doe d. v. Hendland, 8 Cow. 277.) " My estate to be at her absolute disposal" passes a fee. (Jackson v. Babcock, 12 Johns. 389.) The power of appointment did not limit the fee. (3 Ed. Ch. R. 207.) Without the fourth clause naming his daughter, the will would have been inofficious under the statute; but as he has named her, and still gave his wife the estate, the will is valid, and the wife took all the estate. (Guitar v. Gordon, 17 Mo. 408; Tucker v. Boston, 18 Pick. 167; Terry v. Foster, 1 Mass. 166; Wil-

der v. Goss, 14 Mass. 357; Wilson v. Tasket, 6 Metc. 600; Block v. Block, 3 Mo. 594.) These authorities show that the statute applies only to unintentional omissions of the testator to provide for his children.

RYLAND, Judge, delivered the opinion of the court.

Frederick L. Jesser died seized of certain real estate in St. Louis city. By his last will and testament he devised to his wife Catherine his estate, using the following language: "Second, I hereby grant, give, and bequeath to my wife Catherine, all and singular, my property and estate, real, personal and mixed, including all I possess at present, and what-soever I may become possessed of or acquire hereafter: to have and to hold the same unto her, my said wife Catherine, and to her heirs, administrators and assigns, forever, free from all claims and to the exclusion of all persons whatsoever." The fourth clause of said will is as follows: "In every other respect I leave it entirely to the will and judgment of my said wife Catherine how and in what manner she thinks proper to dispose of the estate, as well with reference to our own child or children as with reference to the said Joseph Frederick Beck." His wife Catherine was left sole executrix of the will. Louisa P. Metz, the wife of Frederick Metz, was the sole child of Jesser by his wife Catherine. Catherine Jesser died intestate, leaving as her heirs the plaintiff Joseph Frederick Beck, her son by a former husband, and the said Louisa P. Metz, her daughter by said Jesser.

The question here arises alone upon the construction of these two clauses in the will. There can be no doubt that without the fourth clause Jesser would be considered as having died intestate as to his daughter. But the effect of this fourth clause is the point before us. In Bradley et al. v. Bradley et al., decided at Jefferson city, 24 Mo. 371, the doctrine about the failure to mention or provide for children in the testator's will was before this court. There the testator said nothing by his will from which this court could infer that he

had a child. We think here the fourth clause mentions his child in sufficient manner to take this will without the 11th section of our statute of wills. (R. C. 1845.) The testator expressly mentions his child—" as well with reference to our child." They had but one, the daughter. The wife had one by a former husband; even he is named. Now this mentioning his child and the giving the power to his wife to provide for this child by disposing of the estate according to her own judgment, must be considered within the spirit of our statute, as a naming or providing for his child. He can not be said to have omitted to mention his child. True he did not name her by her name, but she is sufficiently designated, they having but a daughter. *He says*, " *our child.*" Here she was before him—fully in his mind—called " our child." He knew the mother would do her part by her, and to the judgment of the mother he willingly trusted. We refer to the opinion in Bradley v. Bradley, just cited, and consider it not necessary to again cite the authorities therein commented on. Here we see the testator had a child—the will shows this; and whenever the child is designated, or so pointed out by the will that the court can see the testator had the matter fully before his mind, we are inclined to think it will answer. This being the only point, and the court below having considered properly that the will passed the property in fee to the wife, we must affirm the judgment; Judge Scott concurring; Judge Leonard absent.