HOCKENSMITH & WIFE, Plaintiffs in Error, v. SLUSHER *et al.*, Defendants in Error.

1. A bequest to a son-in-law, though he is not designated as such, is a *naming* of the daughter within section 11 of the act concerning wills.   (R. C. 1845, p. 1080.)

### Error to Clay Circuit Court.

This was a suit for partition of real estate that had formerly belonged to Christopher Slusher, deceased.   The plaintiffs are William H. Hockensmith and Susannah Hockensmith his wife, a daughter of said Slusher.   Plaintiffs asserted an interest in said real estate on the ground that said Slusher had died intestate as to said Susannah Hockensmith, not having named or provided for her in a will executed by him and by which the lands in controversy were devised.   The court found the facts as follows : " That Christopher Slusher by his last will and testament read in evidence, dated May 16, 1853, and admitted to probate on the 26th day of December, 1853, made a bequest to Harrison Hockensmith of one thousand dollars in the following form : ' I give and bequeath to Har-

NAPTON, Judge, having been of counsel, did not sit at the hearing of this cause.

rison Hockensmith the sum of one thousand dollars ;' that the plaintiff, William H. Hockensmith, is the Harrison Hockensmith mentioned in the said last will and testament; that the plaintiff, Susannah Hockensmith, is and was at the date of said last will and testament the wife of the said William H. Hockensmith, and known to be such by the said Christopher Slusher, and daughter of said Christopher Slusher, deceased; that the said William H. Hockensmith on the 13th day of May, 1856, received from the executors of the said last will and testament of the said Christopher Slusher, the bequest of one thousand dollars, and gave them the receipt for the same read in evidence. And the court draws the conclusion of law upon the facts aforesaid that the Christopher Slusher, deceased, did not die intestate as to his said daughter Susannah Hockensmith, and can not be so deemed; and that said plaintiffs have not, nor has either of them, any right, title or interest in the land in controversy."

*Sheley*, for plaintiffs in error.

I. Christopher Slusher, having failed to name or make provision for plaintiff, Susannah Hockensmith, in his will, died intestate as to her. The devise to Harrison Hockensmith was no provision for Susannah Hockensmith. (R. C. 1845, p. 1080; Gage v. Gage, 9 Foster, 542; 18 Pick. 166.)

II. The court erred in permitting testimony to be given tending to show that " Harrison Hockensmith" is the plaintiff William H. Hockensmith, the son-in-law of Christopher Slusher and the husband of Susannah Hockensmith. (Stephens v. Walker, 8 B. Monr. 601; 14 Johns. 9; Bradley v. Bradley, 24 Mo. 311; Goode v. Goode, 22 Mo. 522; 9 Maryl. 346.)

III. The receipt of W. H. Hockensmith was incompetent evidence. Admissions of the husband are not permitted to affect the title of the wife.

*Ryland*, *Troxell* and *King*, for defendants in error.

I. The receipt was admissible in evidence. The evidence was admissible, tending to show that William H. Hocken-

smith was known and called by Slusher and others by the name of " Harrison Hockensmith."

II. The testator by naming the husband of his daughter thereby sufficiently indicated that said daughter was in his mind at the time he made the will. She was not, therefore, unintentionally omitted. (Long v. Foster, 1 Mass. 146; Wild v. Brewer, 2 Mass. 570; Church v. Crocker, 3 Mass. 17; Wild v. Goss, 14 Mass. 356; Merrill v. Sanburne, 2 N. H. 499; Wilson v. Fosket, 6 Metc. 400; Block v. Block, 3 Mo. 594; Guitar v. Gordon, 17 Mo. 408; 9 Conn. 209; 10 Wend. 338; 9 Pick. 176; 1 Barb. 155; 23 Mo. 316.)

RICHARDSON, Judge, delivered the opinion of the court.

The main inquiry in this case is, whether Christopher Slusher died intestate as to his daughter Mrs. Hockensmith, which will be determined by the solution of the proposition whether a bequest to a son-in-law is a naming or providing for the daughter within the meaning of the eleventh section of the act concerning wills. (R. C. 1845, p. 1080.) The Roman law prohibited a parent from disinheriting his own issue; but our law permits a father under no legal disability to devise all of his estate as he may see fit, saving to the widow her dower; (sec. 1;) and it is made the duty of all courts and all others concerned in the execution of wills to have a due regard to the direction of the will and the true intent and meaning of the testator. (Sec. 51.) The 11th section declares : " If any person make his last will and die, leaving a child or children, or descendants of such child or children (in case of their death), not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, so far as shall regard any such child or children or their descendants not provided for, shall be deemed to die intestate," &c.

This provision of the statute has been several times before this court for judicial construction, and it may now be considered as settled that the object of it is to produce an intes-

tacy only when the child or the descendant of such child is unknown or forgotten, and thus unintentionally omitted; and the presumption that the omission is unintentional may be rebutted when the tenor of the will or any part of it indicates that the child or grand-child was not forgotten. (Guitar v. Gordon, 17 Mo. 408; Beck v. Metz, 25 Mo. 70; Terry v. Toler, 1 Mass. 146; Weld v. Brewer, 2 Mass. 570; Church v. Crocker, 3 Mass. 17; Wild v. Gass, 14 Mass. 359; Wilson v. Ficket, 6 Met. 400; Merrill v. Sanborn, 2 N. Hamp. 499; Block v. Block, 3 Mo. 594.) The statute extends only to a case of entire omission, and the mention of a child without a legacy or other provision for him is sufficient to cut him off from a distributive share of the estate; (3 Mo. 594; 1 Mass. 146;) and whenever the mention of one person, by a natural association of ideas, suggests another, it may reasonably be inferred that the latter was in the mind of the testator and was not forgotten or unintentionally omitted. Thus it has been decided that by the mention of a daughter, though dead at the time of making the will, it will be inferred that her children were not forgotten. (17 Mo. 408.) The mention of grand-children will exclude the parent. (2 Mass. 570; 3 Mass. 17.) Naming a son-in-law is sufficient to show that the daughter was brought to the recollection of the testator; (14 Mass. 359;) and naming two grand-children will indicate that their brothers and sisters not named were intentionally omitted. (2 New Hamp. 499.)

It is insisted however that the testator in his will does not call Mr. Hockensmith his son-in-law, and that there is nothing to show that the legacy was bestowed because he was the husband of his daughter or that the relationship was present to his mind so as to bring up the recollection of his daughter. A gift to a son-in-law, unless otherwise intended, is considered an advancement to the daughter, although the husband may waste it and the wife derive no benefit from it. (Barber v. Taylor, 9 Dana, 86.) And it is so considered, because men, without strong motives, do not make valuable presents to strangers, and it is a reasonable inference that the

daughter is the moving consideration that prompts the gift from her father to her husband. A covenant to stand seized to uses may be supported by the consideration of blood, and it has been held that the future wife of a son may fall within this consideration necessary to sustain such a covenant, for the covenant is made for the benefit of one's posterity which may spring from the wife; (2 Hill. Real Prop. 313;) and the same principle for a like reason would perhaps be applied to a son-in-law.

In the absence of any thing appearing to the contrary, it must be supposed that the legacy to Mr. Hockensmith was prompted by the fact that he was the testator's son-in-law and that the daughter was the moving cause; and if the bequest was bestowed on her account, she must have been in the mind of the testator at the time he made his will. She would have been excluded, according to the doctrine of the cases cited, if the clause of the will providing for her husband had, besides naming him, stated his relation to the testator, though without giving that as a reason for the legacy; because it would be inferred that the mention of "son-in-law" naturally recalled the daughter to his memory. Now if the motive to make the devise sprang from the fact that the legatee was his son-in-law, the inference that his daughter was not forgotten is quite as conclusive as if the relation between the testator and legatee had been stated. If Mr. Hockensmith had not been related to Mr. Slusher, the curiosity of the family and neighbors would have been excited to ascertain why the legacy was given, and he would no doubt have been surprised himself; but as it is, though no reason is given in the will, every one knows without asking what the real motive was, and is as well satisfied as if the testator had said in so many words in the will that the legacy was given because the legatee was the husband of his daughter. A stranger to the family in reading this will would inquire, why this provision for Mr. Hockensmith? but on being told that he was a son-in-law, the motive that actuated the bounty would be quite as obvious as if the fact had been stated in the will.

If the naming of one person in a will is sufficient, as it has been heretofore decided, to preclude another from claiming the benefit of the eleventh section when the relation that the person named sustains to the testator is stated, there can be no reason for withholding the operation of the principle from a case where the relation actually exists but is not formally mentioned. The provision which a father, dying intestate as to part of his personal estate, may make for his child by will, is not brought into hotch-pot, for such a provision to be construed an advancement must result from a complete act of the parent in his lifetime. (2 Will. Ex'rs, 1291.) If then any portion of the personal estate is undisposed of by the will, Mrs. Hockensmith will take her distributive share of it as one of the children, and will not be charged with the legacy left to her husband. Now suppose that the legacy, instead of being one thousand dollars, was ten or twenty thousand, equal to or greater than a child's portion of the whole estate, it could not be charged as an advancement to the wife, for the reasons already stated ; and, if the plaintiff's argument prevailed, the husband would take in such a case part of the estate under the will, and the wife would take her distributive share repudiating the will, and in that way one child would take a double portion, against the intention of the testator and the equality due to the other children.

The general rule is " that parol evidence can not be admitted to supply or contradict, enlarge or vary the words of a will, nor to explain the intention of the testator, except in in two specified cases ; 1st, where there is a latent ambiguity, arising *dehors* the will, as to the person or subject meant to be described, and 2d, to rebut a resulting trust. " (Maun v. Maun's Ex'rs, 1 John. Ch. R. 233.) This rule was not violated in admitting evidence that Wm. H. Hockensmith was known and called by the name of " Harrison Hockensmith," and that he was the son-in-law of the testator ; for such proof is often necessary to sustain a will and give effect to its provisions, and it is always allowed when there is a latent ambiguity as to the person intended to be described ;

as " if there be a mistake in the name of the legatee, or there be two legatees of the same name." If the executors had refused to pay the legacy of a thousand dollars on the ground that the plaintiff's christian name was " Harrison," he would have found it necessary to invoke this rule; and surely if it would be competent for him in a suit to recover the legacy to identify himself as the person described in the will, the same kind of proof would be admissible when offered by the defendants in this suit.

The evidence of conversations with the testator in regard to his intentions concerning his real estate was improperly admitted. It did not bear on the proper construction of the sixth clause of the will, and was wholly irrelevant to the issue. But the judgment is fully sustained by the law and the evidence without this immaterial testimony, and it would be useless to remand the cause for a new trial on such an objection when we must see that the result would be the same to the plaintiffs. Judge Scott concurring, the judgment will be affirmed.