JOHN H. MCCOURTNEY AND MARGARET P. MCCOURTNEY, HIS WIFE, Appellants, v. GOTTLIEB MATHES, Respondent.

1. *Wills — Act of 1825, child not mentioned, can not take child's share unless forgotten.*— Under the act of 1825 touching wills (R. C. 1825, p. 795), a child not mentioned in a will is not entitled to a child's share in the inheritance, under the general law of descents and distributions, unless it is manifest from the will that the child was forgotten, and so unintentionally omitted.

### Appeal from St. Louis Circuit Court.

*Bakewell & Farish*, for appellants.

Plaintiff, Margaret, was not named or provided for in her father's will; he therefore died intestate as to her. (See section 20 of act respecting wills, laws of 1825; Block v. Block, 3 Mo. 408; Beck v. Metz, 25 Mo. 71; Bradley v. Bradley, 24 Mo. 319; Hockensmith v. Slusher, 26 Mo. 237; Hargadine v. Pulte, 27 Mo. 423.)

*Bland & McElheny*, for respondent.

The appellants objected below that the will is invalid as to the children, on the ground that no provision was made for them, resting the objection on the statute of 1825 and the present statute. It is well settled that the object of the statute is not to compel parents to make testamentary provision for children, but to prevent the consequences of forgetfulness — of oversight. If any mention is made of the children, therefore, showing that they were not forgotten, the object of the statute is fulfilled, and the testator is not intestate as to a child or children so remembered, although no beneficial provision be made for them. (Block v. Block *et al.*, 3 Mo. 407; Hockensmith v. Slusher, 26 Mo. 237.) The will provides that the widow " shall have the management and education of the children." Thus the children were clearly brought to his recollection. It was contended that though the words " their children " in the will necessarily imply a recollection of " children," they are not distributive in their character, and do not imply a recollection of each child, and that the

McCourtney et al. v. Mathes.

plaintiff here, Mrs. McCourtney, might have been forgotten. There is no foundation for the distinction. The words are inclusive, and comprehend all and every. If anything was to go to "their children," it must go alike to each and all. If they are made the subject of the mother's care and management, they alike, each and all, are subject to that care and management. This is undoubtedly so upon the plainest construction of the language. If a doubt could exist on this point it must be set at rest by the reasoning of Judge Richardson in Hockensmith v. Slusher, where he says: "Whenever the mention of one person, by a natural association of ideas, suggests another, it may reasonably be inferred that the latter was in the mind of the testator, and was not forgotten or unintentionally omitted. Thus it has been decided that by the mention of a daughter, though dead at the time of the making of a will, it will be inferred her children were not forgotten. The mention of grandchildren will exclude the parent. Naming a son-in-law is sufficient to show that the daughter was brought to the recollection of the testator. And naming two grandchildren will indicate that their brothers and sister, not named, were intentionally omitted," citing 17 Mo. 408; 2 Mass. 570; 14 Mass. 359; 2 N. H. 499.

BLISS, Judge, delivered the opinion of the court.

This was an action of ejectment, both parties claiming under James Evoy, the plaintiff by descent and the defendant by purchase. The plaintiff, Mrs. McCourtney, was the child of said Evoy, and not having been provided for, as is claimed, in her father's will, sues for a child's share. Her father, the said James Evoy, died in 1830, leaving Bridget, his wife, and five children, having duly made a will containing the following provision: "Also, I give and bequeath to my beloved wife, Bridget, the sole and entire possession and disposal and management of all my real and personal estate, also the sole and entire management and education of my children; and that she shall have the management, distribution and disposal of everything as completely, according to law, as I myself now have, during her widow-

hood. But in case she should change her mind and marry, my will is that the estate in her possession at the time shall be disposed of according to law among my surviving heirs." The widow never married, but in 1855, two of the children joining with her in the deed, she conveyed the land in controversy to John Evoy, through whom the defendant claims title. The validity of ·the will as against the plaintiff, Mrs. McCourtney, must first be considered; and if we find her to have been sufficiently provided for, it will be unnecessary to consider the other questions presented by counsel. This will was executed and proved under the law of 1825, which provided in substance that if any person shall make his last will and testament, and die leaving a child not provided for in such will, every such testator, so far as shall regard such child, shall be deemed to die intestate, etc. (R. C. 1825, p. 795.)

This provision underwent a thorough examination in Block v. Block, 3 Mo. 594, and received a construction that has ever since been adhered to. In that case one of the children was expressly excluded from any share in the estate, which was all given by the testator to his wife and the other children. It was contended that, in order to make a provision for a child, the testator should make a beneficial devise or legacy, and that to mention the name of a child and to declare that such child shall have nothing is no provision. But the court held that the intention and meaning of the act was that when a child is forgotten then he shall have a share, but when he is mentioned in the will and excluded, that is a provision within the intent of the act. Judge Tomkins dissented, and the next Legislature, to make the meaning unequivocal and conform to the opinion of the majority of the court, changed the act so as to provide for intestacy in favor of the child if he or she is "not named or provided for." Under the doctrine of Block v. Block this addition does not change the meaning of the act, and the decisions made by this court since that case was decided will apply as well to the act of 1825 as to the one now in force. The tendency where the common law prevails is to give the ancestor complete control over his estate, and is strongly manifest in the interpretation given this act, as well

as to similar acts in other States. A provision, apparently designed to protect a child from being totally disinherited, is construed to mean only that the testator must remember that he has such a child. Where the civil law prevails such a provision would hardly have received such a construction, and it may well be doubted whether the restrictions of that enlightened code upon the power of the ancestor to disinherit his children are not more consonant to reason, more in accordance with the law of nature, than the freedom in that regard given by our system.

In commenting upon the provision in its present form, Judge Richardson, in Hockensmith v. Slusher, 26 Mo. 237, says: "This provision of the statute has been several times before this court for judicial construction, and it may now be considered as settled that the object of it is to produce an intestacy only when the child, or the descendant of such child, is unknown or forgotten, and thus unintentionally omitted; and the presumption that the omission is unintentional may be rebutted when the tenor of the will or any part of it indicates that the child or grandchild was not forgotten." In that case a bequest had been made to a son-in-law without naming his relation, and, upon application of the daughter for a child's share, the court held that the bequest must have been given to her husband because he was such, and the daughter, though not named or provided for, could not have been forgotten. In Guitar v. Gordon, 17 Mo. 408, the testator named his daughter, who was then dead, but did not name her children. The court held it a sufficient provision for his said grandchildren, as they were represented by their mother, who was in his mind, though dead. In Beck v. Metz, 25 Mo. 70, the testator left it " entirely to the will and judgment of my wife, Catharine, how and in what manner she thinks proper to dispose of the estate, as well as with reference to our child or children as with reference," etc. He left but one child, and the court held that she was not forgotten. On the other hand, in Bradley v. Bradley, 24 Mo. 311, and in Hargadine v. Pulte, 27 Mo. 423, it was found that no allusion was made to the children, and as to them an intestacy was declared. Admit, for the purpose of considering this question, that in the case at bar the form of the devise is such as to

give the property itself, rather than a trust, to the testator's widow, we are to consider whether, upon the construction given the statutes in the cases above cited, Mrs. McCourtney was provided for in her father's will, or whether she was unknown or her existence forgotten by him at the time of its execution. It is plain that she must have been in his mind. There are two allusions by the testator to his children: one in giving to his widow their management and education, and one ·in giving a remainder to his heirs, contingent upon her marriage. They were all remembered or were all forgotten; and while he remembered them collectively, can it be said that he had forgotten them all individually? The object of the statute was to guard the testator against the effect of a mistake in providing for some of his children to the exclusion of others, through forgetfulness of their existence, or in otherwise disposing of his property in such forgetfulness, and the failure to allude to them is made evidence that they were so forgotten. In speaking of his children or heirs, had the testator named some of them, with no allusion to the plaintiff, we might then assume that she was forgotten; but where all are remembered collectively and equally provided for, with nothing to indicate that one was more in his memory than another, we must assume that each one was remembered and provided for.

The other judges concurring, the judgment will be affirmed.