WILLIAM AND MARGARET POUNDS, Respondents, *v.* N. H. DALE, Appellant.

1. *Wills — Descents and distribution — Heir not mentioned in will takes, when.* — In order to prevent an heir not provided for in a will from taking his distributive share, under section 9 of the statute concerning wills (Wagn. Stat. 1385), the will must show on its face that the testator remembered him. He need not be directly named in the will, but it must contain provisions or language that point directly to him. Thus it cannot be inferred that, because the testator provided for the payment of debts due two of his children, he intended to disinherit the rest.

*Appeal from Third District Court.*

This suit was brought by plaintiff by virtue of her rights under the general law of descents and distributions. Judgment in the lower court was for plaintiff, and was affirmed in the District Court.

*N. H. Dale, in pro. pers.*, for appellant.

In Massachusetts and New Hampshire, where statutes similar to our own existed, the courts invariably held that if it appeared from the will, or from any part of it, or by just inference it was presumable, that a child not named in the will of his parent was not unknown to or forgotten by the testator, but was before the mind of the testator when the will was made, and the claims of that child were at all considered by the testator when disposing of his property, then an intestacy as to that child could not be declared. (Black v. Black, 3 Mo. 594; Guitar v. Gordon, 17 Mo. 408; Hockensmith v. Slusher, 26 Mo. 237; Wilder v. Goss,

14 Mass. 357; Church v. Crocker, 3 Mass. 17; Wilson v. Fosket, 6 Metc. 400; Tucker v. City of Boston, 18 Pick. 162; Merrill v. Sanborn, 2 N. H. 499; 1 Redf. Wills, 435, § 19; *id.* 432, §§ 16, 18; *id.* 426, note 7; *id.* 453–5, § 5.)

Early in the history of this State the Supreme Court of the State gave the same construction to our statute (see Black v. Black, 3 Mo. 594), and it has ever since been the uniform construction in every case where the facts were such that the rule would apply. (Hull v. Dowdall, 20 Mo. 359; Reed v. Ownby, 44 Mo. 204; Tucker v. Boston, *supra.*)

We think that the language of the will in question clearly shows that the plaintiff and all the other children were before the mind of Oliver Beach when he was disposing of his property, and that his intention that none of his children should have any of his property is very clearly expressed.

*T. A. Sherwood*, with *George W. Randolph*, for respondent.

The declaration of law given on behalf of plaintiffs was correct. (R. C. 1855, p. 1568, § 10; Bradley v. Bradley, 24 Mo. 311.) The decisions of our own State, on which appellant relies, do not apply here. Those of Massachusetts cited by him were made upon a different state of facts and under a statute differing widely from ours (Wilson v. Fosket, 6 Metc. 400; Bradley v. Bradley, *supra*), and the same may be said of the decisions of other States which he cited.

An unnamed or unprovided-for child can only be cut off from his share by " an equal proportion of the testator's estate bestowed on him in the testator's lifetime by way of advancement." (R. C. 1855, p. 1568, § 11.)

BLISS, Judge, delivered the opinion of the court.

Margaret Pounds is the daughter of Oliver Brock, deceased, and claims that, as to her, he died intestate, from the fact that she was not mentioned in his will. She and her husband therefore bring ejectment to recover certain real estate of which said Brock died seized, and which was purchased by defendant of his devisee. The language of the will is as follows:

"After paying my funeral expenses and expenses of my sickness, I wish one hundred and forty dollars paid to my son William, it being borrowed money; also I wish one hundred dollars paid to my son John, it being borrowed money. After all my just debts are paid, I give and bequeath to my wife Jane Brock all my property of all kinds, real, personal and mixed, to have and to keep the same for her sole benefit, not to be controlled by anybody. In short, I give her the title in fee simple to everything I may be seized of."

The statute now, as when this will was made, provides that "the ancestor shall be deemed to have died intestate as to such child or children not named or provided for in the will." (Gen. Stat. 1865, ch. 131, § 1; Wagn. Stat. 1365.) It has frequently been considered by this court, and in the language of Judge Richardson in Hockensmith v. Slusher, 26 Mo. 237, "it may now be considered as settled that the object of it is to produce an intestacy only when the child or the descendant of such child is unknown or forgotten, and thus unintentionally omitted; and the presumption that the omission is unintentional may be rebutted when the tenor of the will or any part of it indicates that the child or grandchild was not forgotten." The subject was reviewed by us in McCourtney et al. v. Mathes, 47 Mo. 533, and the above doctrine adhered to.

In construing the will under consideration, the only question to be considered is whether there is anything in the will that rebuts the presumption that Mrs. Pounds was forgotten, which presumption arises from the fact that she was "not named or provided for in the will." It is clear that the two sons, William and John, were not forgotten, for they were named, though not provided for. But I find nothing in the will to warrant us in saying affirmatively that Mrs. P. was in the mind of the testator. He had nine children, and defendant urges that it is unreasonable to suppose that he forgot the seven while naming the two. I certainly would conjecture that all were in his mind, and that he meant to disinherit them. But it is a mere guess. The will must show upon its face that he remembered them; and though they be not directly named, there must be provisions or language that point directly to

them. To hold, as claimed, that a reference to the two sons as creditors is also a reference to the plaintiff, would make the statute of no effect. Had the testator spoken of his children in the aggregate, specifying none, we must infer that they were all in his mind (McCourtney v. Mathes, *supra*); or if he had made a bequest to a son-in-law, it would be inferred that it was on his daughter's account (Hockensmith v. Slusher, *supra*); but the inference that, because he provided for the payment of debts due two of his sons, he intended to disinherit the rest, is too remote. The intention, in the absence of the statute, might be inferred from the devise to the widow, for that disposes of all the property. But the statute creates a presumption that they were forgotten unless named or provided for, or in some way referred to, and we find no such naming or reference.

The construction of a similar statute in Merrill v. Sanborn, 2 N. H. 499, completely nullifies it. A devise was made to two of seven grandchildren, and the court says that because of this devise, though no mention was made of the others, they could not have been forgotten. The family were not forgotten; but if the fact that no allusion, directly or indirectly, was made to the other members of the family, is to be treated as presumptive evidence that they were not forgotten, I cannot see how they can be said to have been remembered.

The judgment of the Circuit Court should be affirmed. The other judges concur.