EMMA T. WETHERALL *et al.*, Appellants, *v.* FANNY HARRIS, Respondent.

1. *Practice — New trial, motion for — Bill of exceptions.*—Errors committed at the trial will not be examined into unless there was a motion for a new trial.
2. *Wills, statute of — Failure to mention children in will, effect of.*— Under the statute (Wagn. Stat. 1365, § 9) where the children of the testator are neither expressly named in the will, nor so alluded as to show affirmatively that they were in his mind when making it, the presumption is conclusive that they were forgotten.

Per ADAMS, Judge, concurring.

3. *Practice act — Wills, statute of — Bill of exceptions — New trial, motion for.*— The proceeding under the statute of wills is summary, and the practice act does not apply; and no motion for a new trial is necessary.

5—VOL. LI.

*Appeal from Pike Circuit Court.*

*Henderson & Hayden,* for appellants.

No formal motion for new trial was necessary. There was but one point in the case, and exceptions were saved to the ruling of the court below. (Fine v. Rogers, 15 Mo. 315 ; Wagner v. Jacoby, 26 Mo. 532 ; Prince v. Cole, 28 Mo. 486 ; Gray v. Heslep, 33 Mo. 238.)

*Murray & Robinson,* with whom was *Thos. J. Fagg,* for respondent.

This court will not consider any errors alleged in a bill of exceptions outside of the record proper, when no motion for a new trial has been made. (The State v. Marshall, 36 Mo. 400 ; Hoppe v. Stone, 39 Mo. 378 ; Banks v. Lades, *id.* 406 ; Bishop v. Ranson, *id.* 416 ; Long v. Towl, 41 Mo. 398 ; Morgner v. Kister, 42 Mo. 466 ; Collins v. Sanders, 46 Mo. 389 ; Beatty v. Furnald, 47 Mo. 348.)

The presumption that the omission was unintentional may be rebutted when the tenor of the will, or any part of it, indicates that the child was not forgotten. (Block *et al.* v. Block *et al.*, 3 Mo. 407; Guitar v. Gordon, 17 Mo. 408 ; Beck v. Metz, 25 Mo. 70 ; Hockensmith v. Slusher *et al.*, 26 Mo. 237; McCourtney v. Mathes, 47 Mo. 533.) And in other States, where a statute similar to our own is in force, the same construction has been put upon it by the decisions of their courts. (Terry *et al.* v. Foster *et al.*, 1 Mass. 146 ; Wilde v. Breeder, 2 Mass. 569 ; Church v. Crocker, 3 Mass. 17; Wilder v. Goss, 14 Mass. 357; Wilson's Ex'r v. Foskett, 6 Metc. 400 ; Merrill & Wife v. Sanborn, 2 N. H. 499.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff, Emma T., was the daughter of Wm. A. Harris, deceased, who made a will, giving all his property to his widow, the defendant, making no provision, as is alleged, for his said daughter. She and her husband present their petition, setting

out the real estate of deceased, describing the will, and ask that defendant be adjudged to deliver her the portion of the estate she would be entitled to had her father died intestate. Upon the trial the court gave judgment for defendant, construing the will as having in effect named or made provision for the said Emma T. A bill of exceptions was filed showing such construction, but there was no motion for a new trial. We must, then, first find whether we can consider anything in the bill of exceptions without such motion, and, if not, whether the record proper so sets out the facts as to bring the main question before us.

After the passage of the practice act of 1849, and so long as it was in force, it was uniformly held that the motion for a new trial, specifying the grounds for the same, was dispensed with; but in The State v. Marshall, 36 Mo. 400, this court held that the practice act of 1855 so far restored the old practice as to require a motion, and this view has since been uniformly adhered to. So a motion is necessary to enable us to examine into the errors that were committed at the trial; but if the pleadings and judgment sufficiently show the language of the will, we may review the construction given it by the court, and, if erroneous, the judgment cannot be sustained.

The petition shows the relationship of the said Emma T. to the deceased, describes the property, charges that he made a will and "bequeathed and devised to the said Fanny Harris, wife of said William A., all his property, real, personal and mixed, absolutely," etc.; also, that he "omitted in said will to mention the name of his said daughter Emma T., and failed to make any provisions for her; and that, by reason of said omission and failure, the said William A. died intestate as regards his said daughter."

The petition brought the case within the statute, and, if true, entitled the plaintiffs to relief. The answer admits the relationship and marriage of plaintiffs, the execution and probate of the will, and avers "that by said will the decedent bequeathed and devised all his property, real, personal and mixed, absolutely to the defendant, Fanny Harris, appointing her sole executrix of his

said will. But the defendant denies that the said decedent, William A. Harris, died intestate as to the said Emma T. Wetherall, but avers that he died testate as to her and all of his children; that in mentioning his minor children as the objects of his care, he excluded his other children then grown; and that the said Emma T. Wetherall, as well as all other children then grown, and who had been raised and educated by him, were by said will intentionally excluded, and not accidentally omitted."

The allegation of the petition, that the testator did not name his daughter, and that he failed to make any provision for her, is not denied by the answer. The legal consequence of not being named is denied, and it would seem from the answer that some allusion was made by the testator to minor children, from which the pleader infers that he excluded his other children, and that they were intentionally excluded, and not accidentally omitted. The material facts are not denied and are thus admitted, and no new facts are so set out as to show the court that the defendant's inferences were sound. And, indeed, enough appears to show that they were unsound; for the statute, and its universal construction, make the fact that children are not either expressly named, or so alluded to as to show affirmatively that they were in the testator's mind, conclusive evidence that they were forgotten, and that the testator unintentionally left them unprovided for. "The statute creates a presumption that they (children) were forgotten unless named or provided for." (Pounds v. Dale, 48 Mo. 270.) Hence the answer does not meet the petition, and was demurrable; nor can the verdict founded upon it sustain the judgment. This statute has so frequently received a construction by this court that it is quite unnecessary to say more.

That portion of the answer which shows the debts of the testator liquidated by defendant cannot go to the plaintiffs' right, but only to the amount to which they are entitled. The defendant should be credited with whatever she has expended on account of the estate, and must receive what she is entitled to as widow before the plaintiffs' share can be ascertained.

The other judges concurring, the judgment will be reversed and the cause remanded.

CONCURRING OPINION OF JUDGE ADAMS.

The remedy given to pretermitted heirs is a summary proceeding under the statute of wills, upon petition and due notice given to the legatees, devisees, heirs, executors and administrators. (See Wagn. Stat. 1370, § 47.) This restriction on the powers of testators was unknown to the common law, and it was eminently proper that the statute creating the restriction should also give the remedy. It is not an action in the legal acceptation of that term. (See Levins v. Stevens, 7 Mo. 90.) It is a statutory remedy by petition, more in the nature of a motion than an ordinary action at law or in equity, and the practice act and proceedings under it do not apply to this case. It is sufficient if the bill of exceptions shows the rulings of the court, and no motion for a new trial was necessary. The bill of exceptions contains a copy of the will, with the construction put on it by the Circuit Court, which, in my opinion, was erroneous.

Whether there be anything left for distribution after payment of debts, and whether the pretermitted parties had already been sufficiently advanced, are questions not properly before this court, and must depend for solution upon the evidence that may be adduced on the trial of the case.

On the grounds here stated, I concur in the result.