McCRACKEN v. McCRACKEN, *Appellant.*

1.  **Ejectment** GENERAL ISSUE: EVIDENCE OF ADVANCEMENTS.  Where plaintiffs in ejectment claim as pretermitted heirs, defendant will not be allowed to show under the general issue that they have received advancements and that he has made improvements on the land.  To be available for any purpose, these facts must be pleaded.

2.  ——: ADVERSE POSSESSION · PRETERMITTED HEIRS.  Where defend-

ant in ejectment claims under a will by the terms of which the land was to become his absolute property upon the death of his mother, no possession which he may have held under the testator or afterwards during the life of his mother can be considered as adverse to pretermitted heirs of the testator.

3. ————: PRETERMITTED HEIRS may maintain ejectment for their inheritance.

*Appeal from Polk Circuit Court.* — HON. R. W. FYAN, Judge.

*John D. Abbe* and *Waldo P. Johnson* for appellant.

*F. S. Heffernan* for respondents.

HOUGH, J.—This was an action of ejectment instituted in March, 1872, in which the plaintiffs had judgment. The answer of the defendant was a general denial only. The plaintiffs claimed as pretermitted heirs of their father, Thomas McCracken, deceased. The defendant claimed under the following clause of the last will of said McCracken: "I do give and bequeath to my son Joseph C. McCracken my land, containing one hundred and fifty acres, to be his absolute property after the death of my wife, Elizabeth, conditioned that my son Joseph C. McCracken shall support my son Miles McCracken during his natural life." Defendant also claimed title by adverse possession. Thomas McCracken died in 1859, and his widow, Elizabeth, died in 1870. Testimony was admitted, subject to objection, which was afterwards excluded by the court, to the effect that defendant had lived on the land with his father for some years previous to his father's death; had controlled and managed the farm long prior to the death of his father; that defendant was forty-three years old; that when he was twenty-one years old his father had told defendant to take possession of the farm and use it; that the widow lived on the farm with defendant till her death in 1870; that he took care of his parents till their respective deaths; that he took care of his brother Miles

McCracken, mentioned in .the will, till the death of said Miles McCracken; that when Thomas McCracken died defendant administered on his estate; that each of the children of said Thomas McCracken had received some property from their father; that after the death of the father the defendant inclosed and put into cultivation eighty acres of the land in controversy, and expended $1,500 in the erection of a house on it. So much of this evidence as related to the advancements made to the heirs and the improvements made by the defendant was inadmissible under the general issue, and was properly excluded. To be made available, in this action, for any purpose, these facts should have been pleaded.

As the defendant was in possession under his father until his death, and as he claimed title under the will after his death, he had no possession which could be considered as adverse to the plaintiffs until after the death of his mother in 1870.

That the plaintiffs are pretermitted heirs is conceded. It is urged, however, by the counsel for the defendant that pretermitted heirs cannot maintain ejectment, but must proceed under the 47th section of the Statute of Wills, or by bill in equity, for contribution. Waiving the fact that this objection should have been presented by the answer, and cannot be made for the first time in this court, we may remark that there is in this State no fixed rule on this subject. Cases may easily be imagined in which, as was remarked by Judge Richardson in *Hill v. Martin*, 28 Mo. 78, the pretermitted heirs should resort to the more flexible proceeding of a bill for contribution, rather than to an action of ejectment or partition, and he remarked further that he could not find that it had ever been decided by this court in what manner a child not provided for in a will should assert his rights under the statute creating an intestacy as to him by reason of such omission. In *Wetherall v. Harris*, 51 Mo. 65, Judge Adams separately concurring in the judgment of the court, expressed the opinion

McCracken v. McCracken.

that the remedy given to the pretermitted heirs is a summary proceeding under the 47th section of the Statute of Wills, by petition and due notice given to the legatees, devisees, heirs, executors and administrators; and that it is a statutory remedy, more in the nature of a motion than an ordinary action at law or in equity, to which the practice act and the proceedings under it are inapplicable. Whether he deemed this remedy exclusive is a matter of inference only. *McCourtney v. Mathes*, 47 Mo. 533, was an action of ejectment, and no objection was made to the form of proceeding. In *Pounds v. Dale*, 48 Mo. 270, a pretermitted heir successfully maintained ejectment for a share of the land of which her father died seized. In *Schneider v. Koester*, 54 Mo. 500, which was a suit to set aside a will, brought by a claimant as a pretermitted heir, it was held that the will was not invalid, and the 47th section of the Statute of Wills was referred to as affording the proper remedy. The remedy offered by this section would be appropriate, perhaps, in all cases, but we do not see why, under certain circumstances, ejectment, partition, or a bill in equity for contribution, might not also be resorted to. The present case was an ordinary action of ejectment between tenants in common. The petition was in the usual form, and the answer was a simple denial. The only question to be tried was the legal right of the plaintiffs to be admitted to a joint occupancy with the defendant of the land in dispute. There is no question as to advancements or improvements in the case.

The defendant may recover for his improvements under the provisions of the statute governing actions of ejectment. The judgment will be affirmed. The other judges concur.

AFFIRMED.