WOODS et al., Appellants, v. DRAKE et al.

Division Two, October 7, 1896.

1. **Will**: PRETERMITTED HEIR: INTESTACY: STATUTE. Specific bequests by name to the minor children of testator's adopted daughter with whom they live, is a sufficient reference to the daughter to prevent the operation of Revised Statutes, 1889, section 8877, declaring that a testator shall be deemed to have died intestate as to children not named or provided for in the will.

2. ———: ———: ———: ———.    The purpose of Revised Statutes, 1889, section 8877, providing that a testator shall be deemed to have died intestate as to children not named or provided for in the will was to produce intestacy only where a child is unknown or forgotten and was thus unintentionally omitted.

*Appeal from Scotland Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*John D. Smoot* and *R. D. Cramer* for appellants.

(1) The naming of plaintiff's children was not naming and providing for plaintiff within the meaning of the statute. *Gage v. Gage,* 29 N. H. 533; 39 American Decisions, note at page 742. Naming two of testator's own children is no naming of the others. *Pounds v. Dale,* 48 Mo. 270; R. S. 1889, sec. 8877; *Hargadine v. Putle,* 27 Mo. 423; *Bradly v. Bradly,* 24 Mo. 316. The will must show on its face that the testator remembered her. *Weatherall v. Harris,* 51 Mo. 65. And it must appear affirmatively on its face. (See above.) The naming of the husband and some of the children of a deceased daughter will not be a naming of the others. *Pricker v. Boston,* 18 Pick. 162. (2) A bill in equity for contribution is an appropriate and permitted remedy for a pretermitted heir. *McCracken v. McCracken,* 67 Mo. 591; *Schnider v. Koester,* 54 Mo. 500; R. S. 1889, sec. 8915. (3) An adopted child has the same right of inheritance from the adoptive parent as a natural child. *Fosburgh v. Rogers,* 114 Mo. 122.

*McKee & Jayne* and *Mudd & Wagner* for respondents.

The naming and providing for the children of a child of a testator is a naming or providing for such

child, as contemplated by our statute. Our supreme court has so plainly spoken that it can no longer be considered an open question, what the ruling of the court is. *Hockensmith v. Slusher*, 26 Mo. 236; *Pounds v. Dale*, 48 Mo. 270; *McCourtney v. Mathes*, 47 Mo. 533.

GANTT, P. J.—This is an action by Mrs. Alice Woods, the adopted daughter of Francis Drake, late of Scotland county, Missouri, claiming to be a pretermitted child and therefore entitled to a share of the estate of said Francis Drake.

Francis Drake died testate in Scotland county, January 4, 1893. He left a widow, Mrs. Mary R. Drake, for whom he provided in his will in lieu of dower. He left no child or children save and except Mrs. Woods, the appellant, his adopted daughter, who claims as an heir of said Drake because she was not named in his last will and testament.

It is true she was not named in so many words, but it is insisted by the other devisees that she was not forgotten because by his will the testator devised a large portion of his estate to her four children, giving each one by name a distinct portion. This presents the only question on this appeal.

Is there anything in the will to rebut the presumtion that Mrs. Woods was forgotten because she was not named or provided for in the will? Section 8877, R. S. 1889.

In *Hockensmith v. Slusher*, 26 Mo. 237, this section which has remained unchanged since the revision of 1845, was construed by this court and the construction then given it has never been departed from but has always been approved when considered in subsequent cases. It has in a sense become a rule of property and a departure from it now would doubtless imperil many

titles. In that case Judge RICHARDSON speaking for the court said: "This provision of the statute has been several times before this court for judicial construction, and it may now be considered as settled that the object of it is to produce an intestacy only when the child or the descendant of such child is unknown or forgotten, and thus unintentionally omitted, and the presumption that the omission is unintentional may be rebutted when the tenor of the will or any part of it indicates that the child or grandchild was not forgotten." *Block v. Block*, 3 Mo. 594; *Guitar v. Gordon*, 17 Mo. 408; *Beck v. Metz*, 25 Mo. 70; *Weld v. Brewer*, 2 Mass. 570; *Church v. Crocker*, 3 Mass. 17.

"And whenever the mention of one person, by a natural association of ideas, suggests another, it may reasonably be inferred that the latter was in the mind of the testator and was not forgotten or unintentionally omitted. Thus it has been decided that by the mention of a daughter, though dead at the time of making the will, it will be inferred that her children were not forgotten. *Guitar v. Gordon*, 17 Mo. 408. The mention of grandchildren will exclude the parent. *Weld v. Brewer*, 2 Mass. 570; *Church v. Crocker*, 3 Mass. 17."

Accordingly in that case it was held that a bequest to a son-in-law without mentioning that he was his son-in-law rebutted the presumption that the daughter was forgotten.

Much stronger is the inference and presumption that the father had not forgotten his daughter when he remembered each of her four children by their names, and gave each a specific share of his estate, and this presumption is greatly strengthened when it is remembered these children were then all minors and living with their mother, the appellant.

Applying to this will the construction uniformly given to the statute in the previous decisions of this court we must hold that the testator did not forget Mrs. Woods and did not die intestate as to her. The judgment of the circuit court is accordingly affirmed. SHERWOOD and BURGESS, JJ., concur.