KENNETH BATLEY ET AL. v. HARRY BATLEY ET AL., BENEFICIARY, UNDER THE WILL OF CHARLES H. BATLEY, SR.—193 S. W. (2d) 64.

Kansas City Court of Appeals. February 11, 1946.

*Gardner & Carroll, Frank Schibsby, B. A. Babb* and *Cyril B. Brown* for appellants.

*Sears Jayne* for respondents.

SPERRY, C.—This case originated in probate court and involves construction of the will of Charles H. Batley, Sr., deceased.

The case was submitted on an agreed statement of facts. The will was executed in August, 1942, and the sole beneficiaries were "my only living children; Charles H. Batley, Jr., of Brookfield, Missouri, and Harry Batley, Los Angeles, California." After probate of the will Charles H. Batley, Jr., died. His legal representative and Harry Batley are the appellants here.

After the will was admitted to probate Harry Fallini and Eda Santarelli, the only children of Ellen Batley, deceased daughter of testator, filed claim seeking one-fourth of the estate on the grounds that deceased died intestate as to them. Thereafter, Kenneth Eugene Batley, Helen Louise Batley, and Donald R. Batley, minors, acting through their legal guardian, Bernice Batley, filed claim demanding an undivided one-fourth interest of the estate on the grounds that, as to them, testator died intestate. They are the sole surviving children of Kenneth Batley, deceased, who was an adopted son of testator. The two groups, grandchildren of testator, claim the shares of their respective parents, children of testator, by virtue of the provisions of Section 526, Revised Statutes Missouri 1939. They are respondents here.

The probate court found for respondents and, on appeal to the circuit court, judgment was for them. This appeal followed.

Trial was had in circuit court December 20th, and February 19th, following, the court found for respondents. On February 28th, appellants filed motion for new trial and, as grounds therefor, contended that the judgment is against the law and the evidence and for the wrong parties, and that they were in possession of newly discovered evidence, consisting of a letter written by testator to Harry Batley in 1935, wherein testator bitterly denounced Harry Fallini and Eda Santarelli, two of respondents, and expressed an intention to "cut" them "out of my estate."

The two alleged errors are separately assigned here; but the second assignment, regarding the letter above mentioned, is not briefed either under "Points and Authorities" or "Argument." Although allusion is made thereto in the printed argument, it is not contended that error was committed for failure to sustain the motion for new trial because of the newly discovered evidence; nor does there appear, anywhere in the brief, such contention, except under "Assignment of Errors," and no authority is there cited, or reason stated in support of the assignment. We will consider that assignment as abandoned.

Section 526, *supra,* is couched in simple and plain language. The pertinent portion thereof provides:

"If any person make his last will, and die, leaving a child or children, or descendants of such child or children in case of their death, not named or provided for in such will, . . . every such testator,

so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate, . . . "

The will contains neither direct mention of, nor provision for, respondents or their desceased parents. Appellants point to the quoted portion of the will, contained in the second paragraph of this opinion, and contend that its effect is to exclude respondents from the benefits of the will, because it indicates that testator had in mind the parents of respondents, and that he intentionally excluded them from benefits. They say that the purpose of the statute "is to produce an intestacy only when the child or the descendant of such child is unknown or forgotten, and thus unintentionally omitted, . . . " They cite Guitar v. Gordon, 17 Mo. 408; Hockensmith v. Slusher, 26 Mo. 237; McCourtney v. Mathes, 47 Mo. 533; Woods v. Drake, 135 Mo. 393; Fitzsimmons v. Quinn, 282 S. W. 37; 26 C. J. S. 1051; Lawnick v. Schultz, 325 Mo. 294, 28 S. W. (2d) 658. It may be conceded that such is the policy back of the statute, Goff v. Goff, 179 S. W. (2d) 707, l. c. 711; and where the testator uses language, in the will, indicating that he had in mind all of his children when the will was drawn and executed, and that none was forgotten, and that he intended to exclude those not provided for, then the statute has no application and the will must be enforced as written.

However, the state of mind of the testator with regard to this matter must be ascertained from the language used in the will. Thus it was said in Pounds v. Dale, 48 Mo. 270, l. c. 272:

"He had nine children, and defendant urges that it is unreasonable to suppose that he forgot the seven while naming the two. I certainly would *conjecture* that all were in mind, and that he meant to disinherit them. But it is a mere guess. *The will must show upon its face that he remembered them; and though they be not directly named, there must be provisions or language that point directly to them.* To hold, as claimed, that a reference to the two sons as creditors is also a reference to the plaintiff, would make the statute of no effect. Had the testator spoken of his children in the aggregate, specifying none, we must infer that they were all in his mind (McCourtney v. Mathes, *supra*); or if he had made a bequest to a son-in-law, it would be inferred that it was on his daughter's account (Hockensmith v. Slusher, *supra*); but the inference that, because he provided for the payment of debts due two of his sons, he intended to disinherit the rest, is too remote. The intention, in the absence of the statute might be inferred from the devise of the widow, for that disposes of all the property. *But the statute creates a presumption that they were forgotten unless named or provided for, or in some way referred to, and we find no such naming or reference.*" (Emphasis ours.)

In Wetherall v. Harris, 51 Mo. 65, l. c. 68, it was said:

"The legal consequence of not being named (in the will there construed) is denied, and it would seem from the answer that some allu-

sion was made by the testator to minor children, from which the pleader infers that he excluded his other children, and that they were intentionally excluded, and not accidentally omitted. The material facts are not denied and are thus admitted, and no new facts are so set out as to show the court that the defendant's inferences are sound. And, indeed, enough appears to show that they were unsound; for the statute, and its universal construction, make the fact that children are not either expressly named, or so alluded to as to show *affirmatively* that they were in the testator's mind, conclusive evidence that they were forgotten, and the testator unintentionally left them unprovided for." (Emphasis ours.) .

In Hargadine v. Pulte, 27 Mo. 423, l. c. 424, the court held that a testator's children were legally entitled to share in his estate where it was devised to his wife ". . . as her own and exclusive property, and to the exclusion of all and every person or persons, be the same relatives or not, . . ." In Williams v. Roberts, 187 S. W. 19, l. c. 20, the testator had five children and devised his real estate to one child. The others were not mentioned by name but it was provided that the residue of his estate should "be disposed of as the law directs." It was held that the language quoted did not *necessarily* imply that the testator had his other children in mind; and that the statute requires, as to children not named, that the language of the will be such as to raise a necessary implication that they were in his mind, else they inherit. In McCoy v. Bradbury, 235 S. W. 1047, l. c. 1050, it was held that the language of the will fell short of providing a bequest by implication and gave rise to nothing but a conjecture to that effect. In Goff v. Goff, *supra,* it was held that testator's intention to disinherit a child, or the descendants of a deceased child, was immaterial unless such intention clearly appear from language used in the will.

We cannot say that the language employed by testator in this case is such as to raise a clear implication or inference that he intended to disinherit claimants. As in Pounds v. Dale, *supra,* we may conjecture that such was his intention; but a conjecture is not enough to justify the court in holding that the statute is inoperative.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.