GERTRUDE MEYERS et al. v. J. J. WATSON et al., Appellants.

Division Two, April 11, 1911.

1. **WILL: Unnamed Grandchildren: Small Provision for Son-in-Law.** A gift of "ten dollars to James Cary, my son-in-law," whose wife, a daughter of the testator, was dead at the time the will was executed, was not a remembrance by testator of said daughter's children, and was no provision for them; and neither she nor her children being otherwise mentioned in the will, which undertook to dispose of all of testator's property, the children, as pretermitted heirs of the testator, can maintain suit for such a share in the estate as their mother would have received had he died intestate.

2. ———: ———: ———: **No Fair Proportion.** A gift of ten dollars to a son-in-law, where his children's share would have amounted to $600 had there been no will, is a mere naming of the son-in-law, and not a naming of the grandchildren. That is not a bequest of such a fair proportion of the estate as

can be held to have been intended as a provision for the grandchildren.

Appeal from Mississippi Circuit Court.—*Hon. H. C. Riley*, Judge.

AFFIRMED.

*Russell & Deal* for appellants.

A bequest to a son-in-law, though he is not designated as such, is a naming of the daughter, within section 2611, of the act concerning wills. Hockensmith v. Slusher, 26 Mo. 237; Wood v. Drake, 135 Mo. 393. In the case at bar the testator referred to the father of the plaintiffs as his son-in-law, which clearly shows that he did not forget the children of his deceased daughter. Such a bequest as was made in the case at bar according to the doctrine of the cases cited, would be a naming of the daughter had she been living and is certainly a naming of her children. The naming of a deceased daughter raises the presumption that the children were in the mind of the testator and intentionally omitted. Guitar v. Gordon, 17 Mo. 408. The will clearly shows that the testator did not forget any of his children, or their descendants. He treated his son and his son-in-law alike.

*Boone & Lee* for respondents.

The omission of the names of children or grandchildren is intestacy as to them. R. S. 1899, sec. 4611; Bradley v. Bradley, 24 Mo. 312. There is no mention made of the respondents, nor of their mother, who was dead; no provision was made for them, nor was any substantial bequest made to any person who might represent them. True, their father was mentioned by name, and ten dollars given to him, but no case in the reports of this State, has gone so far as to say that the mere mention of the son-in-law would raise the inference that the testator had in mind the children of a deceased daughter. Fugate v. Allen, 119 Mo. App. 183.

FERRISS, J.—Action in ejectment for a half interest in a lot of land; six hundred dollars in value.

The plaintiffs are the children of Mary E. Cary, deceased, daughter of Joseph B. Askew, who in his lifetime owned said lot. There are four plaintiffs, three of them being minors. The said Joseph B. Askew, by his last will, disposed of his estate, including said lot, as follows:

"In the Name of God. Amen. I, Joseph B. Askew, of the town of Bird's Point, in the county of Mississippi, State of Missouri, being of sound mind and memory, and considering the uncertainty of this frail and transitory life, do therefore make, ordain, publish and declare this to be my last will and testament; that is to say, first, after all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give, bequeath and dispose of as follows, to-wit: To my son Robert, ten and no-100th dollars. The balance, real and person, to my beloved wife, Mary C., during the term of her natural life, and after her death, I will all the property to my grandson, Joseph J. Askew, son of Robert Askew.

"Likewise, I make, constitute and appoint my said wife, Mary C., to be executrix of this, my will and testament, hereby revoking all former wills by me made.

"In witness whereof, I have hereunto subscribed my name and affixed my seal, this 4th day of November, 1898."

"J. B. ASKEW (Seal.)"

The James Cary mentioned in the will is the father of the plaintiffs and husband of the said Mary E., who died before her father executed the will. The will was probated in July, 1900. The widow, Mary C., died in 1902. In May, 1904, Joseph J. Askew, the grandson mentioned in the will, deeded the lot in controversy to the defendant.

The plaintiffs claim as pretermitted heirs of Joseph B. Askew, their grandfather. Judgment below was rendered for the plaintiffs, awarding them a one-half interest in said lot. Defendants bring the case here by appeal, and urge that the provision in the will, giving ten dollars to James Cary, the son-in-law, was a sufficient naming of the plaintiffs, his children, within the meaning of section 544, Revised Statutes 1909, which reads as follows: "If any person make his last will, and die, leaving a child or children, or descendants of such child or children in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part."

We affirm the judgment of the court below. The plaintiffs are neither named, nor provided for in the will. Respondents rely upon the case of Hockensmith v. Slusher, 26 Mo. 237, wherein it was held that a bequest of one thousand dollars to a son-in-law, was a sufficient provision for his wife, the daughter of the testator. But in that case the provision was a substantial one. The court said: "In the absence of anything appearing to the contrary, it must be supposed that the legacy to Mr. Hockensmith was prompted by the fact that he was the testator's son-in-law, and that the daughter was the moving cause; and if the bequest was bestowed on her account, she must have been in the mind of the testator at the time he made his will."

This is far from holding that the mere naming

234 Sup.—19

of a son-in-law—and that is all that a bequest of ten dollars amounts to—is a naming of the children of his deceased wife. The failure to name these children of the testator's deceased daughter raises the presumption that they were unintentionally omitted. This presumption may be rebutted by anything appearing on the face of the will which shows that they were not forgotten. [Thomas v. Black, 113 Mo. l. c. 69; Pounds v. Dale, 48 Mo. 270; Bradley v. Bradley, 24 Mo. 311.]

Had the testator given to the son-in-law a fair proportion of the estate, it might be held that this provision was intended for the grandchildren, and that, consequently, they were in the testator's mind, and this because it would not be likely that the testator intended to benefit the son-in-law alone. It was upon this principle that the court, in Guitar v. Gordon, 17 Mo. 408, held that a substantial bequest to a daughter, deceased at the time the will was made, was a sufficient naming of her children.

In the case of Woods v. Drake, 135 Mo. 393, cited by appellants, it was held that the naming specifically of the four children of the testator's daughter rebutted the presumption that she was forgotten, although not herself named.

In Bradley v. Bradley, supra, a bequest to the wife of testator of his entire estate was held to be within the statute, and was not a provision for, nor a naming of, his children by such wife. If the gift of the entire estate by the testator to his wife is not a provision for their children, much less is the gift to a son-in-law of a nominal sum a provision for the children of such son-in-law.

The plaintiffs were not mentioned in the will. We find nothing in the instrument to rebut the presumption that they were unintentionally omitted. The judgment is, accordingly, affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.