REGINA LAWNICK and MARGARET MILLSAP, Appellants, v. ANNA SCHULTZ, FRANK SCHULTZ and LYDIA KINSALL BOWMAN HEYDE. —28 S. W. (2d) 658.

Court en Banc, June 3, 1930.

*D. D. Reeves* and *Randoph & Randolph* for appellants.

296

*John I. Williamson* and *Randolph & Randolph* for appellants in Court en Banc.

*F. P. Stapleton* and *Cook & Cummins* for respondents.

DAVIS, C.—This is an action for the partition of real estate situate in Gentry and DeKalb counties. The plaintiffs aver that they are heirs of their maternal grandfather, Frederick Schultz, pretermitted because they were not named or provided for in his will. The cause was submitted to the trial court upon an agreed statement of facts and, from a judgment rendered by said court in favor of defendants, the plaintiffs appealed.

Omitting signatures and the description of the real property, the agreed statement of facts reads:

"The following facts are agreed to as being facts in this case: Frederick Schultz, late of King City, Gentry County, Missouri, died on the 12th day of April, 1924, seized and possessed of the lands described in the petition in this case, embracing six hundred and forty (640) acres and of the value of $47,600, and personal property that was inventoried in the probate court at $7709.04, said lands lying along the northern boundary of DeKalb County and southern boundary of Gentry County; the rental value of said land, it is agreed, is $2000 per year.

"The said Frederick Schultz left a will which was made and executed on the 11th day of July, 1918, and which will is correctly set forth in the answer of the defendants herein, which said will has been duly admitted to probate in the Probate Court of Gentry County, Missouri, on the 9th day of May, 1924, and is in words and figures as follows:

" 'I, Frederick Schultz, of the City of King City, Gentry County, Missouri, being now in good health, strength of body and mind, but sensible to the uncertainty of life, and desiring to make disposition of my property and affairs while in health and strength, do hereby make, publish and declare the following to be my last will and testament, hereby revoking all other or former wills by me made at any time.

" 'Article First: I direct the payment of all my just debts and funeral expenses.

" 'Article Second: I give, devise and bequeath to my wife, Anna Schultz, all of my personal property and the following described real estate, to-wit: (Here follows description by parcels of 640 acres of land situated in Gentry and DeKalb counties, Missouri.)

" 'Article Third: I give, devise and bequeath to my daughter, Lydia Schultz Kinsall, Lots 9 and 10, Block One (1), Jersey Heights Addition, Kansas City, Jackson County, Missouri.

" 'Fourth: To my son Frank Schultz by my first wife, Mary Schultz, I give, devise and bequeath the sum of Five Dollars ($5.00).

" 'Fifth: To my daughter, Mary Schultz, by my first wife, Mary Schultz, I give, devise and bequeath the sum of Five Dollars ($5.00).

" 'Sixth: I do hereby constitute and appoint my wife, said Anna Schultz, the Executrix of. this my last will and testament.

" 'In witness whereof I, Frederick Schultz, have to this my last will and testament consisting of two sheets of paper, subscribed my name this 11th day of July, 1918.

" 'FREDERICK SCHULTZ.

" 'The foregoing instrument, consisting of two (2) pages, was at the date thereof signed and declared by the said Frederick Schultz, to be his last will and testament, in the presence of us, who at his request and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto.

" 'WM. MILLAN of King City, Mo.

" 'R. A. WINCHESTER of King City, Mo.'

"Said will was also duly established by judgment of the Circuit Court of Gentry County, Missouri, on the 5th day of April, 1926; that said Frederick Schultz, the testator herein mentioned, at the time of his death was about eighty-three years of age; that he was twice married, his first wife being Mary Schultz, from whom he was divorced at some time prior to the year 1882 in Gentry County, Missouri; that while they were living together as husband and wife, and before the divorce was granted, there was born to them two children, Mary Schultz and Frank Schultz; that upon the separation Frank Schultz remained with his father, Frederick Schultz, and Mary Schultz remained in the custody of her mother, Mary Schultz.

"That Frederick Schultz remained on the farm in the southern part of Gentry County, Missouri, and afterward, on the 1st day of November, 1882, married the present defendant, Anna Schultz, who now survives him as his widow; that the wife, Mary Schultz, went to live at St. Joseph, Missouri, and continued to live there until she died on the 26th day of March, 1901; that the daughter, Mary Schultz, was married to Peter Ushler on the ———— day of September, 1889.

"That there was born of the marriage between Peter Ushler and the daughter Mary Schultz, two children, the plaintiffs in this case, Regina Lawnick, now the wife of John Lawnick, and Margaret Millsap, now a widow, and who are the sole and only children and heirs at law of the said Mary Schultz; that no other childern were born

to the wife Mary Schultz and Frederick Schultz except as herein-before stated.

"That after the marriage of Frederick Schultz with the defendant Anna Schultz, there was born the defendant Lydia Kinsall Bowman Heyde, who is the only child of said marriage of Frederick Schultz and Anna Schultz, and is the same person who is named in the will of Frederick Schultz as Lydia Schultz Kinsall;

"That the daughter Mary Schultz Ushler died at St. Joseph, Missouri, on the 6th day of November, 1908; that the said wife, Mary Schultz, and daughter, Mary Schultz, from the time of the separation of Frederick Schultz and Mary Schultz, resided in St. Joseph, Buchanan County, Missouri, until their respective deaths; that the said divorced wife, Mary Schultz, was committed to the State Hospital for the Insane No. 2 at St. Joseph, Missouri, in November, 1885, by order of the County Court of Gentry County, Missouri, as an insane patient and remained in said hospital until the time of her death.

"That the daughter, Mary Schultz, was raised in the family of Ignatious Domek, who was a brother of the said wife, Mary Schultz, and resided in the City of St. Joseph.

"It is further stipulated and agreed that all parties to this suit have the privilege of introducing evidence of any additional facts."

The record advises that neither plaintiffs nor defendants offered or introduced further or additional evidence.

Sections 514 and 516, Revised Statutes 1919, concern and pertain to the issues involved. They read:

"Sec. 514. If any person make his last will, and die, leaving a child or children, or descendants of such child or children in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part.

"Sec. 516. When any estate shall be devised to any child, grand-child or other relative of the testator, and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real or personal, as such devisee would have done in case he had survived the testator."

I. The facts advise that plaintiffs are the grandchildren of the testator and that their mother (to-wit, Mary Ushler, *nee* Mary Schultz), the daughter of the testator, died before the testator executed his will. The question presented involves the construction of statutes, and their relativity to the will of Frederick Schultz. Plaintiffs aver that they are his heirs pretermitted by his will, and are thus entitled to a share of his estate, as though he had died intestate as to them. The sustention of their claim is dependent upon whether the clause in the testator's will, to-wit: "Fifth: To my daughter, Mary Schultz, by my first wife, Mary Schultz, I give, devise and bequeath the sum of Five Dollars ($5.00)," is tantamount to naming or providing for plaintiffs in his will.

Section 514, Revised Statutes 1919, in substance, provides that a testator shall be deemed to have died intestate as to his child or children, or their descendants, not named or provided for in his will. The cases construing said section advise and hold that, before a testator's child or children, or their descendants shall be denied inheritance, it must appear from the will itself that such heir, averred to be pretermitted, was not forgotten by the testator at the time of the execution of the will. If the will shows they were not forgotten, they were named or provided for within the meaning of the statute. The section mentioned becomes operative only upon the unintentional omission by the testator to name or provide for the lineal heir in his will. In Guitar v. Gordon, 17 Mo. 408, l. c. 411, 412, speaking on this subject, the court say:

"This section has been held only to make provision for children or their descendants, unintentionally omitted by their parent from forgetfulness or any other cause. If a child is expressly excluded from any portion of the estate by the will, he is provided for in the meaning of the act. In such case, it plainly appears that the child was not forgotten. . . . The object of the section must be borne in mind. It is not to prevent parents from disinheriting their children, but merely to make provision for those unintentionally omitted."

Subject to the marital rights of the spouse, if any, a testator, of sound mind and legal age, at his pleasure, may disinherit his descendants, or any of them, and leave his property as he pleases, provided his will develops and demonstrates that the lineal heirs alleged to be pretermitted were not forgotten. Whether a lineal heir is forgotten depends upon the intention of the testator as shown by the context of the will. If the will shows that the heirs were not forgotten, then they are not pretermitted; otherwise, they are pretermitted.

Adverting to the present will, it advises that the testator called to mind his daughter, the mother of plaintiffs, and not only named her, but bequeathed her a legacy of five dollars. While the amount of the legacy left his daughter was tantamount, had she been alive, to a virtual disinheritance of her, nevertheless his will is effective, and his power to disinherit her by that means was plenary. Had his daughter, Mary Schultz Ushler, been alive at his death, then, because she was named and provided for in testator's will, Section 514 would have remained inactive and inoperative, for the will demonstrates conclusively that she was not forgotten. It would have excluded her from inheriting a further portion of his estate and, consequently, she would have been provided for within the meaning of Section 514.

Section 516, Revised Statutes 1919, provides, in substance, that a lineal descendant of a child or other relative of the testator shall take the estate given to such child or relative in his will, if such child or relative be dead at the death of the testator. It is said that the weight of authority follows the rule that such statute applies to a case in which the beneficiary was dead at the time the will was made. [3 A. L. R. 1684n.] With the foregoing statute in operation, the will shows that the testator did not forget to provide for plaintiffs, whether or not he knew of their existence. Speaking of what is now Section 516, in Guitar v. Gordon, 17 Mo. 408, 1. c. 412-413, it is said:

"This section, taken in connection with the eleventh section above cited, and that which directs that all courts concerned in the execution of wills, shall have due regard to the true intent and meaning of the testator, furnishes a principle by which this controversy may be determined. This principle would give to the children of Mrs. Guitar the estate that was seemingly devised to her. The justice of the rule, when applied to a case in which the testator was ignorant of the death of his child, would be obvious. . . . If the will is construed in reference to the provisions of the statute which have been cited, would not every one say that, in such case, it was the intention of the testator that the children should take their mother's share? If the provision made for the daughter should be less than an equal part of the estate, to declare an intestacy as to her children, would be doing violence to the principle that recognizes the right of the testator to disinherit his children and to dispose of his property as he pleases."

On the facts before us, Sections 514 and 516, Revised Statutes 1919, are correlated. Section 516 provides, in substance, that, if a testator give an estate, real or personal, by his will to his child, grandchild, or other relation, and such child, grandchild or other relation shall have predeceased him, then the lineal descendants of

such child, grandchild or other relation shall take the estate so given by his will in their place and stead. It is evident, then, that plaintiffs, by virtue of Section 516, are entitled to take the legacy of five dollars bequeathed their mother by the will of the testator, their grandfather.

No evidence appears in the record tending to show that his will was contested or broken. Consequently, the will appears valid and operative. No doubt obtains but that plaintiffs are entitled to the legacy given their mother by the will. Even though their grandfather died intestate as to them, and it results that plaintiffs are entitled to a one-third interest in his estate, still that fact does not render the will void. [Story v. Story, 188 Mo. 110, 86 S. W. 225; State ex rel. Citizens' Bank v. Allen, 296 Mo. 636, 247 S. W. 411.] The will, even though plaintiffs are entitled to an inheritance of one-third of the estate, remains valid and binding, and the testator's estate, subject to plaintiffs' right of inheritance, devolves according to the terms of the will. Of course, if plaintiffs are entitled to inherit from their grandfather as intestates, the devises and legacies of his will abate *pro rata et pro tanto* to provide for plaintiffs' inheritance as intestates. As we remember the evidence, the testator's estate was valued at about $56,000. Of this amount about $8,000 was personalty and the remainder real estate. The testator left a wife, two children and the descendants of a deceased daughter. Suppose the testator, in his will, had bequeathed plaintiffs' mother a legacy of $15,000, which he speculated, after the payment of debts and expenses and his widow's marital rights, was equal to one-third of his estate. If the will had provided such a legacy, certainly plaintiffs, as the descendants of their mother, under Section 516, would have been entitled to claim and obtain the legacy thus bequeathed. Could we then say that plaintiffs, as intestates of the testator, were entitled to claim and obtain, in addition to the $15,000 legacy, a one-third interest in the whole of the testator's estate? We think not. If they could do so, they could, by having their legacy prorated, claim and obtain the sum of about $10,000 as a legacy and one-third of the estate, say of the value of $15,000, and thus obtain by the will and by inheritance the sum of $25,000 as their share of the estate. Clearly, neither the statutes nor the testator contemplated that situation or effect. He meant, evidently, to exclude, by the legacy bequeathed, his daughter and her descendants from inheriting any portion of the remainder of his estate. That he knew his daughter to be dead, or that he believed her to be alive, or that he knew or did not know of the existence of plaintiffs, is aside the question. By virtue of Section 516, as the descendants of their mother, plaintiffs were provided for within the meaning of Section 514, as though they had been named and bequeathed a legacy

by the will. It is said in Lounden v. Bollam, 302 Mo. 490, l. c. 496, 258 S. W. 440: "The testatrix is presumed, not only to know the statute, but to have written her will with the statute in view. It is written as if the statute was incorporated in it as a part of it." The will shows an intention on the part of the testator to exclude his daughter and her descendants from the remainder of his estate. Thus the will shows that plaintiffs were not forgotten.

II. Plaintiffs contend that, in order to hold that the will provides for them, the will must show that the provision for them was substantial. In arguing the question, they say that the five dollars left to their deceased mother and coming to them by virtue of Section 516 was not such a substantial provision as to render Section 514 inapplicable and inoperative. Plaintiffs, to support their position, cite Meyers v. Watson, 234 Mo. 286, 136 S. W. 236. The facts in that case are not analogous to the facts in the case before us. It is not, in our opinion, a question of whether a substantial amount was left by testator's will to the heirs alleged to be pretermitted. The question is, were they forgotten and unintentionally omitted by him? If the testator's will names or provides for heirs, alleged to be pretermitted, expressly or in fact, in any amount, whether substantial or not, the will itself thus demonstrates that they were not forgotten or unintentionally omitted. The ruling in Meyers v. Watson, supra, relative to a substantial amount, should no longer be followed.

The following cases bear on the questions discussed: Hockensmith v. Slusher, 26 Mo. 237; Woods v. Drake, 135 Mo. 393, 37 S. W. 109; Fugate v. Allen, 119 Mo. App. 183, 95 S. W. 980; Conrad v. Conrad, 280 S. W. 707; Murphy v. Enright, 264 S. W. 811; Lounden v. Bollam, 302 Mo. 490, 258 S. W. 440; Block v. Block, 3 Mo. 595; In re Cupples Estate, 272 Mo. 465, 199 S. W. 556; Peak v. Peak, 195 S. W. 993; McCourtney v. Mathes, 47 Mo. 533; Jamison v. Hay, 46 Mo. 546, 39 Am. Dec. 740n, 742n; Gerrish v. Gerrish, 34 Am. Rep. 587; Rudolph v. Rudolph, 207 Ill. 266, 69 N. E. 834, 99 Am. St. 211; Pimel v. Betjemann, 2 L. R. A. (N. S.) 585; Ernshaw v. Smith, 2 S. W. (2d) 803; Fitzsimmons v. Quinn, 282 S. W. 37.

The judgment is affirmed. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—*Blair, P. J.,* concurs; *White, J.,* dissents; *Walker, J.,* absent. A majority of the judges failing to concur, the cause is transferred to Court en Banc.

PER CURIAM:—The foregoing opinion of Davis, C., filed in Division Two, in the cause, is adopted by Court en Banc. All the judges concur, except *White, J.,* who dissents. *Walker, J.,* concurs in the result only.