MAUDE MILLER ET AL. v. CHARLES AVEN, Appellant.—34 S. W. (2d) 116.

Court en Banc, December 31, 1930.

*Moore & Moore* for appellant.

*F. W. Barrett* for respondent.

BLAIR, J.—This case fell to Division Two where an opinion was prepared. Upon dissent by one of the judges, the case was transferred to Court en Banc.

The petition is in two counts. The first was in ejectment, the second for partition. The land is in Christian County. Only an undivided one-seventh interest in said land is in controversy here. On the trial before the court, judgment was rendered for plaintiffs, and defendant, who is the undisputed owner of the remaining undivided six-sevenths interest in the land, was granted an appeal to this court.

Plaintiffs are the children and grandchildren of Cynthia Herndon, a daughter of Sarah A. Aven, who is the common source of title. In June, 1917, Sarah A. Aven made and published a will in which she bequeathed to her daughter Cynthia Herndon the sum of five dollars and to her other six children she gave the remainder of her property. Later in 1917 Cynthia Herndon died leaving plaintiffs as her heirs at law. Sarah A. Aven died in 1927, without making any changes in her 1917 will. She then owned the land in controversy. By the terms of the will of Mrs. Aven, in which plaintiffs were not mentioned, her executors were directed to sell the land. Defendant acquired the land at such sale.

Plaintiffs contend that, as Cynthia Herndon died before testatrix died and no reference was made to them in the will as children and grandchildren of Cynthia Herndon, they are pretermitted heirs, and Sarah A. Aven died intestate as to them, and hence they are entitled to an undivided one-seventh interest in the land.

Defendant contends that plaintiffs cannot and do not occupy the status of pretermitted heirs, because their deceased mother and grandmother, Cynthia Herndon, was bequeathed the sum of five dollars by Mrs. Aven's will.

Section 516, Revised Statutes 1919, reads as follows:

"When any estate shall be devised to any child, grandchild or other relative of the testator, and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real or personal, as such devisee would have done in case he had survived the testator."

Section 514, Revised Statutes 1919, reads as follows:

"If any person make his last will, and die, leaving a child or children, or descendants of such child or children in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as shall regard any such child or children, or their de-

scendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part.''

On the facts stated and in view of the above quoted sections of the statute, the trial court found that plaintiffs are the owners of an undivided one-seventh interest in said land and ordered partition thereof by sale of the land and division of the proceeds. The effect of said judgment was to rule that plaintiffs are pretermitted heirs of Sarah A. Aven and that she died intestate as to them.

This court has so recently considered the identical question in Lawnick v. Schultz, 325 Mo. 294, 28 S. W. (2d) 658, that it is unnecessary to go over the same ground in this case. In that case testator died in 1924. His will was made in 1918. By his will he gave to Mary Schultz and Frank Schultz, children of his first wife, the sum of five dollars each and the remainder of his estate was given to his second wife and a daughter by his second marriage.

Testator's first wife was divorced by him, and Mary Schultz, her daughter who was bequeathed five dollars in the will, left testator's home and thereafter lived with her mother in St. Joseph, Missouri, where said daughter died in 1908, ten years before the will was executed leaving the plaintiffs as her heirs. The fact of such prior death indicated that testator was ignorant of the death of his daughter Mary when he executed his will and made the five-dollar bequest to her.

On that state of facts and after a lengthy review of the decisions, we held that the children of the daughter Mary, although said daughter predeceased testator, were not pretermitted heirs, and that testator did not die intestate as to them. The five-dollar bequest to testator's daughter Mary was considered as a virtual disinheritance of said daughter and her children and our conclusion was that ''the will shows an intention on the part of the testator to exclude his daughter and her descendants from the remainder of his estate. Thus the will shows that plaintiffs were not forgotten.''

The facts in the case at bar do not make as strong a case for plaintiffs as did the facts in the Lawnick case. There are no circumstances here indicating that testatrix was unaware of the death of her daughter. With inferred knowledge of such death, testatrix did not see fit to write a new will or to add a codicil to her existing will making additional provision for the children of her deceased daughter.

The Lawnick case rules our decision in this case and it results that the judgment of the trial court must be reversed and the cause

remanded with directions to the trial court to enter judgment for defendant.

It is so ordered.

All concur except *White, J.*, who dissents.