Spence M. Gregory, Idelle G. Sherwin, Christine G. Sherwin, Laetitia R. Larson, Catherine G. Arding, Dovie A. Cameron, Della M. Fink, Hazel Hamblin, Edna Shields, and Shirley Hamblin, a Minor, by Hobart Shields, Her Guardian and Curator, Respondents, v. Perry Borders, Mary Damerell, Joseph S. Borders or J. S. Borders, and J. S. Borders, Administrator with Will Annexed of the Estate of Manloff Gregory, Appellants. No. 35,632.

Edna Shields, Administratrix *de bonis non* with Will Annexed of the Estate of Manloff Gregory, J. E. McNabb, Executor of the Estate of Joseph S. Borders and Rhoda Borders, Widow and Sole Devisee of Joseph S. Borders, Plaintiffs-Appellants, v. Perry Borders and Mary Damerell, Defendants-Appellants, Spence M. Gregory, Idelle G. Sherwin, Christine G. Sherwin, Laetitia R. Larson, Catherine G. Arding, Dovie A. Cameron, Della M. Fink, Hazel Hamblin, Edna Shields, Lovie Bryan, Dovie McClintock and Shirley Hamblin, and Hobart Shields, Guardian and Curator of Shirley Hamblin, Defendants-Respondents No. 35,633.—136 S. W. (2d) 306.

Division One, February 6, 1940.

700

*Davis & Davis* and *Kitt & Kitt* for appellants.

*Marvin F. Pollard* and *Chapman & Chapman* for respondents.

CLARK, J.—Cases Numbered 35,632 and 35,633 were, by consent, consolidated in this court and submitted as one case. They both involve a construction of the last will of Manloff Gregory, deceased, which, omitting signatures of testator and witnesses and attesting clause, reads as follows:

"I, Manloff Gregory, of Livingston County, of City of Ludlow, and State of Missouri, being of sound mind and memory, and considering the uncertainty of this frail and transitory life, do, therefore, make, ordain, publish and declare, this to be my last will and testament.

"First. I order and direct that my Executrix hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"Second. After the payment of such funeral expenses and debts, I give, devise and bequeath to my wife, Mahala Gregory, all of my real estate.

"Third. I give and bequeath to my half-brother, Spence W. Gregory the sum of ($1.00) one dollar.

"Fourth. I give and bequeath to Nathan H. Gregory the sum of ($1.00) one dollar. (My half-brother.)

"Fifth. I give and bequeath to my half-sister Lovie Jarvis the sum of ($1.00) one dollar.

"Sixth. All the residue of my estate, real, personal and mixed, wheresoever it may be found, and of whatsoever it may consist, I give and devise unto my wife, Mahala Gregory, to hold to her and her heirs forever.

"Lastly, I make, constitute and appoint Mahala Gregory to be Executrix of this my Last Will and Testament without Bond hereby revoking all former wills by me made.

"In Witness Whereof, I have hereunto subscribed my name and affixed my seal, the tenth day of March, in the year of our Lord, One Thousand Nine Hundred and Eleven."

Manloff Gregory died on August 2, 1935. His said will was duly admitted to probate in the Probate Court of Livingston County and an administrator with the will annexed was duly appointed. His estate consisted of a tract of land containing about 228 acres and personal property appraised at more than $7500. All the persons named in said will died after the execution of the will and prior to the death of the testator. Neither Manloff Gregory nor Mahala Gregory were survived by children or descendants.

Cause Number 35,632 is a suit by the heirs of Manloff Gregory, deceased, as plaintiffs, against the heirs of Mahala Gregory, deceased, as defendants. The petition is in two counts and seeks to quiet title in, and partition the real estate among, the plaintiffs. The answer admits the execution and probate of the will, claims title in defendants by virtue of the will, alleges that testator's relations with his blood relatives were such that he did not want them to share in his estate, and that testator made a verbal statement after the execution of the will to the effect that he had arranged matters so that his wife's relatives would get his property. Plaintiffs filed a motion for judgment on the pleadings. The court sustained the motion, entered a decree vesting title in plaintiffs and ordered the land sold and proceeds divided among the plaintiffs. Defendants appealed.

In case Number 35,633, the administrator, and one of the heirs of Mahala Gregory, filed in said court a petition against her remaining heirs and against all the heirs of Manloff Gregory, asking the court to construe the will so as to vest title in the heirs of Mahala Gregory, the petition containing allegations similar to the answer in the other case. The court sustained a demurrer offered by the heirs of Manloff Gregory, defendants, and dismiss plaintiffs' petition. Plaintiffs declined to plead further, judgment was rendered against them and they appealed.

Counsel on both sides have cited, and extensively quoted from, a vast number of cases announcing rules for construction of wills. There is no controversy as to what the rules are; the difficulty is in the application of them. Courts will endeavor to ascertain and give effect to the intention of the testator; that intention is to be determined from the language used in the entire instrument; if the language is ambiguous, resort may be had to extrinsic facts.

We see no ambiguity in the will under consideration and, therefore, the intention of the testator must be gathered from the language used.

Appellants say that the will shows an intention to disinherit the two half brothers and the half sister of testator. Certainly that is true, under the circumstances existing at the time the will was executed; that is, the testator then intended his wife to take his property to the exclusion of his named relatives, but we are not authorized to indulge the further presumption that he intended to exclude his blood relatives in the event (which happened) that his wife predeceased him.

Appellants cite a number of cases holding that a general residuary clause in a will carries with it any legacies which for any reason have lapsed.

This would ordinarily be true, but here the question is whether the residuary clause itself has lapsed. We think it has. This will provides, first, for payment of debts; then gives the wife all the real estate; then makes three special bequests of one dollar each; then the residuary clause gives the remaining property to the wife. The wife predeceased the testator.

Section 527, Revised Statutes Missouri 1929 (Mo. Stat. Ann., p. 321), provides that a devise does not lapse if made to a relative of the testator who dies before the testator, but leaves lineal descendants. This does not prevent the lapse of the devise to Mahala Gregory for two reasons: first, she was not a "relative" of the testator within the meaning of the statute (Bramell v. Adams, 146 Mo. 70, 47 S. W. 931; In re Knighten's Estate, 344 Mo. 246, 125 S. W. (2d) 863); second, she left no lineal descendants.

But appellants say that the words in the sixth clause of the will: "to hold to her and her heirs forever" are words of substitution and that we should construe the word "and" to mean "or". We see nothing in the will authorizing us to adopt such construction. The words quoted are mere words of limitation, indicating the quality of the estate attempted to be devised and not the persons who are to take it. [Trust Co. v. Curby, 255 Mo. 393, 164 S. W. 485.]

We have examined the cases cited by counsel, but deem it unnecessary to review them. Precedents are of little value in such matters. Under the plain language of the will and the clear intent of the statute, Section 527, supra, the devises to Mahala Gregory have lapsed and the title to the property has vested in the heirs of Manloff Gregory, subject to debts and expenses of administration, under the statutes of descents and distribution.

It follows that the judgment and decree in case Number 35,632 should be and is hereby affirmed.

In case Number 35,633 the petition did not show facts sufficient to cast doubt on the meaning of the will and, therefore, the demurrer was properly sustained. Accordingly, the judgment in that case is affirmed. All concur.

## Opinion on Motion for Rehearing.

CLARK, J.—Appellants in their motion for rehearing contend that our opinion conflicts with the case of Lawnick v. Schultz, 325 Mo. 294, 28 S. W. (2d) 658, decided by this court en banc and later approved in Miller v. Aven, 327 Mo. 20, 34 S. W. (2d) 116, 117, also a banc case in this court. The case of Lawnick v. Schultz was cited in appellants' original brief and considered by us. In that case the will bequeathed $5 to a daughter and gave all the personalty and real estate of the testator to his wife. The wife survived him and the daughter predeceased him, leaving children. These grandchildren brought a partition suit claiming that the testator died intestate as to them because they were not named or provided for in the will, citing the statute, now Section 525, Revised Statutes 1929 (Mo. Stat. Ann., p. 318), which provides that a testator is deemed to die intestate as to a child or descendant not named or provided for. We held that the statute did not cause intestacy as to the plaintiffs in that case, because their ancestor, testator's daughter, was provided for and the testator was presumed to know that they would take the share of his daughter under Section 527 (cited in our original opinion). This case was approved in Miller v. Aven, supra.

Both those cases were correctly ruled, but they have no application to the facts in the instant case. In neither of those cases did the residuary clause lapse and in each will there was a complete disposition of all the property. As in those cases, so in the instant case, the specific bequests of $1 each do not lapse, because made to *relatives* who leave descendants. But Manloff Gregory died intestate as to all the residue of his property, because the devise of it to his wife lapsed when she predeceased him, there being no substitutional clause in the will and the lapse not being prevented by Section 527, supra. Since he died intestate as to this property, it necessarily descends to his heirs.

The motion for rehearing is overruled. All concur.