LYDIA M. ZILLIG, (Plaintiff) Appellant, v. EMMA L. PATZER and GUSTAV E. PATZER, (Defendants) Respondents, No. 44886—287 S. W. (2d) 771.

Division One, March 12, 1956.

*William A. Seibel* for appellant.

*Lester G. Seacat* and *Harry A. Hall* for respondents.

[772] HYDE, J.—Action to quiet title to land in which defendant Emma L. Patzer (hereinafter called defendant) claimed an interest on the ground that she had not been named or provided for in her father's will. The issues at the trial were whether defendant was a pretermitted child under Sec. 468.290 (RSMo. and V.A.M.S.) and, if so, whether her rights were barred by limitations. The trial court entered a decree adjudging her to be the owner of an undivided $3/14$ interest in the land and plaintiff has appealed.

The father of plaintiff and defendant, George Zillig, died in September 1926 and his will made in February of that year, in his own handwriting, was as follows: "Brazito Mo. this is my last Will! I leave the Home place with Buildings and House holdgoods to my Daughter Lydia. What is left in the Shop you can put up at auction and Divide the proceeds evenly *between all of you* with the little money (if any) after my funeral is paid. If, Lydia should Marry you can sell the Homeplace if you see fit, except the Household goods, they are to be Lydias *entirley,* and Divide what you get *between all of you.* I appoint my two sons Herman and Otto as Executors of this Will without Bond" (Emphasis ours)

The testator's wife had died before this will was made. At that time, four of the testator's seven children were living with him in his home place (which so far as the record shows was the only land he owned); they were plaintiff and three sons Henry, William and Herman. His other three children were married and lived elsewhere; they were his son Otto and his daughters Louise Blockberger and defendant. Herman and plaintiff operated a general merchandise store in a building they rented nearby. Henry and William continued to live in the home place after their father's death, making no contribution to the living costs, although one farmed and the other worked at odd jobs. Before this suit was commenced, all three of these brothers died single, unmarried and without issue. In 1954,

shortly before this suit was commenced, Otto and the children of Louise (after her death) conveyed to plaintiff by quitclaim deeds. In 1928, all seven of the children had conveyed part of the home place, a tract of the land 100 feet square, to the Brazito Farmers Telephone Company and the consideration of $50.00 was paid to and retained by plaintiff. In 1934, plaintiff alone made a deed to the State Highway Commission for a strip 40 feet wide off of the home place for State Highway 54. It was also shown that plaintiff had paid all taxes, made repairs on the buildings and built a chicken house and brooder house.

Defendant contends that her father failed to name or provide for her in his will and, therefore, died intestate as to her; and that under Sec. 468.290 she was entitled to a one-seventh interest in the land and has inherited additional interests from two of her brothers who died without issue, claiming her father also died intestate as to them. Defendant points out that only three children are named in the will (Lydia as a devisee and Herman and Otto as executors) and claims there is no language in the will definite enough to designate any [773] others. Defendant cites and relies on Batley v. Batley, 239 Mo. App. 664, 193 S. W. (2d) 64 and Pounds v. Dale, 48 Mo. 270. In the Batley case, the testator named his living children (and so designated them) but did not mention or provide for his grandchildren who were descendants of deceased children. It was held that designating the named children as his only living children was not sufficient "to raise a clear implication or inference that he intended to disinherit claimants." In Pounds v. Dale, the testator had nine children but left all of his property to his wife. His will also provided for paying debts to two of his sons for money borrowed from them. They were the only children named or referred to in any way in the will. The Court said it would guess that he meant to disinherit his children; but that to make the statute inapplicable " 'the will must show upon its face that he remembered them; and though they be not directly named, there must be provisions or language that point directly to them.' " Therefore, it was held he died intestate as to plaintiff. (See also Wetherall v. Harris, 51 Mo. 65 holding that, where the children of the testator are neither expressly named nor so alluded to in his will as to show affirmatively that they were in his mind when making it, the presumption is conclusive that they were forgotten.)

The applicable statute (Sec. 468.290) is as follows: "If any person make his last will, and die, leaving a child or children, or descendants of such child or children in case of their death, *not named or provided for in such will*, although born after the making of such will, or the death of the testator, every such testator, so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their

descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part." (Emphasis ours.) Only three of the testator's seven children were named in the will but the statute is inapplicable if they were all provided for in the will. Children may be provided for as a class without naming them separately. (McCourtney v. Mathes, 47 Mo. 533; Ernshaw v. Smith, Mo. Sup., 2 S. W. (2d) 803, 57 Am. Jur. 404, Sec. 589; 26 C.J.S. 1050, Sec. 45; Annotations 152 A.L.R. 727, 170 A.L.R. 1338; Inheritance by Pretermitted Children—Dainow, 32 Ill. Law Rev. 1, 8.) In the McCourtney case, the Court reviewed the earlier cases, and approved the construction of the statute made in Hockensmith v. Slusher, 26 Mo. 237 "that the object of it is to produce an intestacy only when the child, or the descendant of a deceased child, is unknown or forgotten, and thus unintentionally omitted; and the presumption that the omission is unintentional may be rebutted when the tenor of the will or any part of it indicates that the child or grandchild was not forgotten." The Court also pointed out that it had been held in Guitar v. Gordon, 17 Mo. 408, that when a testator had named a daughter who was dead (making a bequest to her) but not naming her children that this was a sufficient provision for these grandchildren. This construction of the statute has been reaffirmed by the Court En Banc in Lawnick v. Schultz, 325 Mo. 294, 28 S. W. (2d) 658 and Miller v. Aven, 327 Mo. 20, 34 S. W. (2d) 116, overruling Meyers v. Watson, 234 Mo. 286, 136 S. W. 236 which required a bequest in a substantial amount to have such effect. In the McCourtney case, the testator left to his wife all of his real and personal estate and "also the sole and entire management and education of my children"; but provided that, if she married, "the estate in her possession at that time shall be disposed of according to law among my surviving heirs." The Court held that the will sufficiently showed that all of the testator's children were remembered and provided for, saying: "There are two allusions by the testator to his children; one in giving to his widow their management and education, and one in giving a remainder to his heirs, contingent upon her marriage. They were all remembered or were all forgotten; and while he remembered [774] them collectively, can it be said that he had forgotten them all individually? The object of the statute was to guard the testator against the effect of a mistake in providing for some of his children to the exclusion of others, through forgetfulness of their existence, or in otherwise disposing of his property in such forgetfulness, and the failure to allude to them is made evidence that they were so forgotten. In speaking of his children or heirs, had the testator named some of them, with no allusion to the plaintiff, we might then assume that she was forgotten; but where all were remembered col-

lectively and equally provided for, with nothing to indicate that one was more in his memory than another, we must assume that each one was remembered and provided for.''

In the Ernshaw case, land was left to a daughter for life, then equally to the testator's grandchildren surviving the daughter. It was contended by one of the grandchildren that there was no provision for him because the estate was contingent and he might die before the life tenant. We said (2 S. W. (2d) 803): ''We agree with the appellant as to the character of the estate created but think it was a provision for appellant within the contemplation of the statute. The naming of grandchildren as a class, without further description, includes all who answer that description at the time the will took effect.'' Cases in which it was held that the language of the will did not sufficiently designate children or descendants are Goff v. Goff, 352 Mo. 809, 179 S. W. (2d) 707, 152 A.L.R. 717, where the will gave ''to any person who might contest this will the sum of $1.00 only in lieu of any other share or interest in my estate, either under this will or through intestate succession''; and Yeates v. Yeates, (Ark.), 16 S. W. (2d) 996, 65 A.L.R. 466, where the testator left his land to a son, although stating he was under obligation to some of his children, for care and attention during sickness, ''and not to run any risk as to other contesting their rights'' made his will without mentioning or providing for any of those who had cared for him; and ended his will by ''bequeathing $1.00 to each of the other contestants just claims as being my children, all other claimants being debarred.'' In the latter case, while recognizing that a testator's intention to give children less than a full share, may be expressed ''by providing for them as a class without naming them separately'', the Court held ''the will is so ambiguous that it is impossible to say that he complied with the statute by naming his children either as a class or individually.'' This is the contention of defendant in this case; and it is stated in her brief: ''The phrase 'all of you' may mean either 'all of you' three who were named, or 'all of you' four children who were living in the home place, or 'all of you' seven children in the family as plaintiff claims.'' Nevertheless, it is clear that the phrase ''all of you'' does refer to the testator's children, whether it refers to those named in the will, those living at home, or all seven of them. If he meant children, is not the most reasonable meaning of this phrase ''all of you children?'' If so, the will certainly would indicate that none of them were forgotten. It seems unreasonable to believe that he meant only the four living at home because he named a son as executor who did not live at home. (Otto was married and lived in Kansas.) Likewise, it does not seem reasonable that he intended to divide the proceeds from the auction only among the three whose names appear in the will, leaving out the other children living at home with him. In Pounds v. Dale, relied on by defendant (48

Mo., l.c. 273) it is said: "Had the testator spoken of his children in the aggregate, specifying none, we must infer they were all in his mind." Why is not saying "all of you" speaking of his children in the aggregate? How can it reasonably be said that such a designation leaves out any one? If there had been a large amount to divide from the auction, and a controversy over who was to share in it, who would we decide were entitled to it? Surely we would say all seven of them.

The well established rules of construction of wills are that "the keystone of construction in determining the meaning [775] of any will is the intent of the testator"; and that "this intent must be gathered from the whole will." (Housman v. Lewellen, 362 Mo. 759, 244 S. W. (2d) 21; see also cases cited in West's Missouri Digest under Wills 438 and 470.) Likewise, "the ordinary, primary meaning is to be given to the language of the will, unless other terms used disclose that such meaning is repugnant to the testator's intent as it appears from the whole will." (Housman v. Lewellen, supra, and cases cited.) Considering this will as a whole and what it shows the testator's intent to be, we find that it leaves his home place and household goods to his daughter Lydia and provides for the rest of his property (only personal property) to be converted into money and divided "evenly between all of you." Likewise, if Lydia should marry (since she never married it is unnecessary to determine whether he meant before or after his death) then authority was given to "sell the home place if you see fit" (no doubt if "all of you" see fit since no specific authority to sell was given to the executors) "and divide what you get between all of you." One of the executors named lived with the testator and thus would represent those children who lived with him; the other was married and had his own home and would represent those children who lived in their own homes. The fact that all would be thus represented is certainly an indication of the testator's intent that this provision was for the benefit of all his children. There is no qualification whatever made to the words "all of you" to show that they meant any less than all seven. Obviously these words could not have referred to any persons other than the testator's children and defendant does not contend they did, but says only that there is doubt as to how many of his children he meant. We think the reasonable construction of the will is that only Lydia was to have anything more than an equal share of the testator's property and that he meant that, except for the specific property given to Lydia, everything else went to all of his children equally. In short, by "all of you" he meant "all." Thus he made provision for all of his children in the aggregate as a class or group and defendant is not a pretermitted child. We, therefore, hold that defendant has no interest in the land involved.

The judgment is reversed and the cause remanded with directions to enter judgment declaring and quieting title in plaintiff. All concur.