Carl A. VOGEL, Jr., a minor, by Marian K. Vogel, his next friend, and Dorothea Vogel Pitt, Appellants,

v.

MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, a corporation, and Marcella Marie Frances Vogel Voltz, Respondents.

No. 57566.

Supreme Court of Missouri, Division No. 2.

July 22, 1974.

Claude W. McElwee, Claude W. McElwee, Jr., McElwee & McElwee, St. Louis, for appellants.

Thompson, Mitchell, Douglas, Neill, Guerri & Elbert, William G. Guerri, Lawrence E. Young, St. Louis, for respondent Mercantile Trust Co. Nat. Assn.

Lashly, Caruthers, Rava, Hyndman & Rutherford, Paul B. Rava, St. Louis, for respondent Marcella Marie Frances Vogel Voltz.

HENRY I. EAGER, Special Commissioner.

This action involves primarily a construction of § 514, RSMo 1919, generally referred to as the "pretermitted heir" statute. It was substantially amended in 1955 and now appears as § 474.240, RSMo 1969, V.A.M.S. We are not concerned with the amendment. The statute involved here reads as follows: "If any person make his last will, and die, leaving a child or children, or descendants of such child or children in case of their death, not named or provided for in such will, although born after the making of such will, or the death

of the testator, every such testator, so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate; in such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part." This statute had been in force for many years.

Marie Vogel executed the will in question in 1917 and thereafter executed certain codicils. The will was long and complicated. So far as we are concerned she bequeathed a beneficial interest in the residue of her estate to her son Carl J. Vogel, who was her only child, for his lifetime; for this purpose she created a trust of which defendant Mercantile Trust Company National Association is now the remaining and sole trustee. The will provided further that on Carl Vogel's death the trust should terminate and the entire trust fund should be paid over to and vest absolutely in Marcella Marie Frances Vogel Voltz, Carl's daughter, who was then a child, born of the marriage of Carl and one Florence Emma Neubarth. Marcella is the principal defendant here. Marie died on January 24, 1921, and her will was probated on January 27, 1921. Carl received the income from the residuary trust until he died on December 30, 1970, for nearly 50 years. Marcella was then alive and she was approximately 55 years of age. In 1948 Carl had remarried and the plaintiffs in this case are the children of that remarriage. Dorothea Vogel Pitt was born on June 26, 1949, and Carl J. Vogel, Jr., was born on March 12, 1951. On January 28, 1971, this suit was filed. We have jurisdiction because of the amount involved and the time of taking the appeal.

Aside from certain formal facts plaintiffs alleged those facts recited above; also, that they are grandchildren of the testator, born after her death; that they were unknown to her and that she "overlooked and forgot" to make provision for them; that they are pretermitted heirs under the statute and that they take shares of her estate as though she had died intestate. They prayed a decree accordingly. The balance of the trust fund on hand was something in excess of $366,000.

The answers admitted the facts essentially as stated, but denied that plaintiffs were pretermitted heirs. Defendants filed motions to dismiss upon the ground that the petition failed to state a claim upon which relief could be granted. Later, they filed a joint motion to dismiss, joined with a motion for summary judgment under Rule 74.04(b), V.A.M.R.; in the latter it was stated that there was no genuine issue as to any material fact. A copy of the will was attached to the answer of Mercantile to plaintiffs' interrogatories. The facts which we have stated are shown by the pleadings, the answers to interrogatories, and the answer of Marcella to plaintiffs' request for admissions. Plaintiffs also filed a motion for summary judgment, setting out the facts in detail, and praying that each of them be adjudged to be entitled to one-third of the residue of the trust.

The Court overruled plaintiffs' motion for summary judgment and sustained the motion of the defendants. It entered findings of fact and conclusions of law, in which it found the facts to be as stated herein, and also found that the first marriage of Carl J. Vogel was terminated "prior to the 1917 will." Its conclusions of law were: that there was no genuine issue of material fact; that plaintiffs were not pretermitted heirs under the statute; that the statute does not become "operational" in this case, because testator's only child, Carl, was named and provided for in the will; and also " * * * if the testatrix had died intestate, her son would have been her only heir, to the exclusion of the statute, which, when the other conditions are met, benefits the descendants of a remoter degree that children 'in case of their (children) death'. * * * Furthermore,

Section 514 states that a child or descendant of a testator ' * * * shall be entitled to such proportion of the estate of the testator as if he (the testator) had died intestate'. Plaintiffs could not have been heirs-at-law of Marie Vogel had she died intestate for the conclusive reason that she was survived by her son and he would have been her only heir-at-law."

Plaintiffs filed a detailed motion for new trial; it would be futile to review it here for the same points are now raised. It was overruled when filed and an appeal duly taken.

▆ No cases are cited which are precisely in point on these facts, and we have found none. We look first to the terms of the statute. It provides in part: "If any person make his last will, and die, leaving a child or children, *or* descendants of such child or children in case of *their death,* not named or provided for in such will, * * *." (Italicizing ours.) The italicized words indicate clearly to us that the provisions for a *child or children* and for *descendants* were made in the *alternative;* in other words, if the testator left a living child or children unnamed or unprovided for, he or they would take as by intestacy; if the child or children not named or provided for had *died before the testator,* leaving descendants, then those descendants would take. This construction, and we adopt it, largely forecloses plaintiffs' claims, for Carl *did* survive, he was named and provided for, and the alternative provision for *descendants* never became effective, or "operational" as the trial court said. The word *"their"* necessarily refers to "child or children" for there could be no descendants of the child or children unless the latter were dead, and the statute would not make provision for "descendants" if they themselves were dead. With these preliminary suggestions we look at the briefs and such authorities as there are.

Essentially, plaintiffs claim: that they are lineal descendants of the testatrix;

that she overlooked the fact that additional children might be born to Carl; that they are of the same degree of consanguinity as Marcella is, and that the naming of one grandchild (only) indicates that Marie "overlooked" any others. They seek to distinguish other cases on the ground that here the fee estate did not vest until the death of Carl, leaving open the question as to those entitled. Plaintiffs also rely upon § 304, RSMo 1919. We shall discuss that statute later.

Plaintiffs further say that Carl received only the income for life and therefore nothing that he could have left by will to his children. We cannot see that this makes any difference. He *was* provided for. See Lawnick v. Schultz, 325 Mo. 294, 28 S.W.2d 658 (Mo. banc 1930), where a $5 bequest was held sufficient to constitute a provision under the statute. The rights in the property of the testator were fixed as of the date of her death. The son survived, thus eliminating the effect of the statute on any future descendants. If Marie had left one-half in fee to Carl and one-half in fee to Marcella no one could reasonably contend that her estate should have been kept open for 30 years or so to see if there might be additional grandchildren. The creation of the trust did not alter the situation legally.

The statute says that a pretermitted heir or heirs shall take as if the testator "had died intestate." Here, with plaintiffs' father alive at the time of the death (Marie being a widow) the father would have taken her entire estate upon intestacy, and nothing would have passed either to Marcella or to any future children of Carl. The trial court noted this fact. It constitutes another bar to the claim.

Plaintiffs cite only one case, Goff v. Goff, 352 Mo. 809, 179 S.W.2d 707 (1944). There the testator had omitted all reference to the children (plaintiffs) of a deceased son, from whom he had been more or less estranged. The trial court found that the testator was not "aware of" the

plaintiffs. This court held that those children, as descendants of a *deceased* child, were not provided for and that the statute automatically applied. The facts were thus radically different from ours. The case states certain general principles which plaintiffs mention; thus, that the purpose of the statute is to prevent inadvertent disinheritance when the child or descendant was unknown to or was forgotten by the testator, and that the intention of the testator is immaterial if the child or descendant is not named or provided for.

Sundry Missouri cases have held: that the statute only applies where a child or the descendant of a deceased child is unknown or forgotten and thus is unintentionally omitted; and that the statute creates an inference or presumption that such act is unintentional; but also, that this presumption may be rebutted by language and the tenor of the will itself which indicates that the child or grandchild was not forgotten. Batley v. Batley, 239 Mo.App. 664, 193 S.W.2d 64 (1946); Woods v. Drake, 135 Mo. 393, 37 S.W. 109 (1896); Zillig v. Patzer, 365 Mo. 787, 287 S.W.2d 771 (1956); Lawnick v. Schultz, 325 Mo. 294, 28 S.W.2d 658 (Mo. banc 1930). (We note here what appears to be an inconsistency in some of the cases in treating the testator's *"intention"*; and the "presumption" was questioned in Fugate v. Allen, 119 Mo.App. 183, 95 S.W. 980, 1906.) There have been numerous instances where a child or descendant was held not to have been forgotten in view of some indirect or general reference in the will, although it falls short of actually naming him. Miller v. Aven, 327 Mo. 20, 34 S.W.2d 116 (Mo. banc 1930); Lawnick, supra; Zillig, supra. These generalized statements do not assist the plaintiffs here.

Defendants cite and rely largely on Lawnick v. Schultz, 325 Mo. 294, 28 S.W. 2d 658 (Mo. banc 1930), and Miller v. Aven, 327 Mo. 20, 34 S.W.2d 116 (Mo. banc 1930). The facts of those cases are not our facts, but some of the principles stated are perhaps applicable. In Lawnick,

testator Schultz and his first wife were divorced; they had two children, Mary and Frank; Mary lived with her mother for a time, but died before the testator's will was executed; she left two children who became the plaintiffs. In the will testator left $5 to Mary (mother of the plaintiffs), although she was dead. It was held that the terms of the will, by means of the $5 bequest to Mary, and the terms of the "lineal descendant" statute, then § 516, RSMo 1919, showed that the plaintiffs were not forgotten and that the pretermitted heir statute did not apply. The court noted that the $5 bequest was in effect a disinheritance, but that nevertheless it constituted a recognition of the daughter and her children, and that the statute does not protect against an intentional disinheritance. The Court said in part, loc. cit. 28 S.W.2d 660: "Had his daughter Mary Schultz Ushler been alive at his death, then, because she was named and provided for in testator's will, section 514 would have remained inactive and inoperative, for the will demonstrates conclusively that she was not forgotten." The case conveys at least a fair implication that the children of a child who survives the testator and who is provided for in the will, take nothing under the statute. The case of Miller v. Aven, supra, only reaffirms the Lawnick case on similar facts and adds nothing particularly helpful here.

In 3 Maus on Probate Law and Practice, § 73, at page 65, it is said with reference to this statute: "The statute by its own terms was applicable only when a testator was survived by a child or descendants of a deceased child." This confirms the view, in the author's opinion, that the child must be deceased in order to make the statute applicable to grandchildren. 'We are not persuaded by plaintiffs' contention that the naming of one grandchild and ignoring the possibility of others makes any difference here. They argue that the testator must have thus had grandchildren in mind but "forgot" to provide for others. This cannot change the meaning of the statute, and particularly its alternative character.

Plaintiffs also place considerable reliance on Section 304, RSMo 1919, which is as follows: "All posthumous children, or descendants of the intestate shall inherit in like manner, as if born in the lifetime of the intestate; but no right of inheritance shall accrue to any person other than the children or descendants of the intestate, unless they are in being, and capable in law to take, as heirs, at the time of the intestate's death." If applicable, the statute should be considered with Section 514. Section 304 simply means, so far as we are concerned, that a posthumous child or descendant (as legally defined) might take under § 514 *if* that section *is otherwise applicable*. But everything here is subject to the terms of the will, as already construed; by the survival of Carl, and the provisions for him, all grandchildren are eliminated from any *intestate* share. Section 304 provides for inheritance by intestacy, and here plaintiffs could not, in any event, have taken by intestacy since the testator was survived by her only son who would have taken all the residue. And the reference in § 304 to posthumous children or descendants means those *conceived during the lifetime of the testator,* but born thereafter. 4 Maus, Probate Law and Practice, § 1233, p. 427; Ross v. First Presbyterian Church, 272 Mo. 96, 197 S.W. 561 (1917); Ballantine's Law Dictionary, "Posthumous child"; Aubuchon v. Bender, 44 Mo. 560 (1870); Steggall v. Morris, 363 Mo. 1224, 258 S.W.2d 577 (Mo. banc 1953). The term could not apply to these plaintiffs, for it would require that they must have been conceived during the life of the testator. And if plaintiffs had been born to Carl and a then wife during the life of the testator they could still not recover because of Carl's survival and the provision made for him in the will. Section 304 cannot be construed as postponing indefinitely the vesting of estates. It is true that the fee here did not vest until Carl's death but that was because the will so provided and the will could not alter the statute.

Plaintiffs emphasize the words in § 514—" * * * although born after the making of such will, or the death of the testator, * * * ." This means that as to a child of testator it must be a posthumous child as just discussed. As to a descendant, or specifically a grandchild, it must have been conceived by or through a deceased child prior to the testator's death. This result is impelled by a joint consideration of § 514 and § 304. And we note here the significance of the word *"leaving"* in the phrase "leaving a child or children, or descendants of such child or children, in case of their death * * * ." That word definitely *limits* the meaning and application of the phrase "although born after * * * "; the testator could not *"leave"* a child or grandchild unless it was "in esse," —at least conceived,—prior to her death. And, again, the statute speaks as of the time of the death.

The fact that Carl was left nothing which he could dispose of by will is immaterial. He was given a very substantial inheritance, certainly much more substantial than recognized in Lawnick, supra. The statute sets no limits on testamentary provisions; Carl was named *and* provided for and we cannot rewrite the statute.

In conclusion, § 514 provides an inheritance (by intestacy) for a child or children not named or provided for in the will, *or* (in the alternative) for the descendants (not so named) of such a child or children who have died prior to the death of the testator, if such person or persons would have taken an interest in case of intestacy. Plaintiffs do not meet these requirements and cannot recover; § 304 does not aid them. So far as any future litigation is concerned this opinion may be an exercise in futility, for § 514, RSMo 1919, was radically changed in 1955.

The attorneys for defendant Mercantile have filed here an application for the allowance of attorneys' fees for their services on this appeal, to be paid out of

the trust assets. They state that they were allowed and paid a reasonable sum for their services in the Circuit Court. We have no record of that allowance. We conclude that the present application may be better presented to and determined by the trial court, where all interested parties and attorneys may be heard. The case will be remanded for that purpose.

The judgment and decree is affirmed and the cause is remanded solely for the purpose just noted.

PER CURIAM.

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.